## CONOVER *vs.* THE MUTUAL INSURANCE CO. OF THE CITY AND COUNTY OF ALBANY.

A bill of exceptions will not lie to review the exercise of the discretion of the circuit judge in disregarding a variance as amendable.

Where a policy of insurance prohibited an assignment of the interest of the assured " unless by the consent of the company manifested in writing," and the secretary, on an application to him at the office of the company, endorsed upon the policy and subscribed a consent to an assignment ; *held,* that his authority to do so, in the absence of evidence to the contrary, should be presumed.

*Held also,* that if it were necessary to prove his authority, evidence that he had often given such written consent in other cases would be sufficient to carry the case to the jury.

A mortgage by the insured of the property covered by the policy, is not an *alienation by sale or otherwise* within the meaning of the seventh section of *pattern act* for mutual insurance companies. (*Stat.* 1836, *p.* 44.)

Where the insured has executed a mortgage on the insured property, and has assigned the policy to the mortgagee before the happening of the loss, the suit for the amount insured must still be brought in the name of the party insured named in the policy.

Otherwise, where the insured has sold the premises, and the company has confirmed the insurance in favor of the vendee, pursuant to section seven of the pattern act.

ASSUMPSIT tried at the Albany circuit in April, 1845, before PARKER, C. Judge. The action was on a policy, dated July 22, 1836, by which the defendants insured the plaintiff for five years, against loss or damage by fire, to the amount of $600 on his dwelling house, No. 34 Van Schaack-street, in the city of Albany, and $66 on his woodhouse in the rear of the dwelling. The policy contained the following clause—" The interest of the insured in this policy is not assignable unless by consent of the company manifested in writing, in pursuance of the by-laws of the company, and the same be endorsed on, or annexed to this policy." On the 16th of May, 1837, the plaintiff wished to borrow $500 from one *Robert Gridley,* and proposed to secure him by a mortgage on the insured property, and an assignment of the policy. Gridley was willing to loan the money on those terms, if the defendants would consent to an assignment of the policy. The parties called and informed the secretary of the company

of their arrangement for the loan, and the secretary thereupon endorsed and signed a consent that the policy be assigned to Gridley. The plaintiff and Gridley thereupon concluded the proposed arrangement, and on the same day the policy was assigned to Gridley. Evidence was given that the secretary had before often consented to the assignment of policies; but there was no by-law or written resolution of the company giving him authority to do so.

On the 18th of August, 1838, the property was destroyed by fire. The affidavit which was furnished as a part of the preliminary proofs was made by *Gridley,* and stated, among other things, the assignment of the policy from the plaintiff to Gridley. The averment in the declaration concerning the affidavit was, that "the said *plaintiff* did deliver unto the said company an affidavit *signed with his own hand,* and verified by *his own oath,* taken before" &c. The defendants made an objection for variance, which the judge overruled, and the defendants excepted.

The defendants moved for a nonsuit on the ground, 1, that there was no proof that the secretary had authority to consent to the assignment. 2. By the charter, the company itself could not consent to the assignment without a compliance with the 7th section of the charter; and there was no proof of a compliance. And 3, the action should have been brought in the name of Gridley. Motion overruled; exception; and verdict for the plaintiff. The defendants move for a new trial on a bill of exceptions.

*S. Stevens,* for the defendants.

*R. W. Peckham,* for the plaintiff.

*By the Court,* BRONSON, Ch. J. The circuit judge had a discretion to disregard the variance as amendable; and for the exercise of that discretion a bill of exceptions will not lie. (2

Conover *v.* The Mutual Insurance Company of Albany.

*R. S.* 406, § 79; *Mappa* v. *Pease,* 15 *Wend.* 669; *Mann* v. *Herkimer Mutual Ins. Co.,* 4 *Hill,* 187.) (*a*)

There was sufficient evidence to carry the cause to the jury on the question of authority in the secretary to consent to the assignment of the policy. Although he had no written authority, he had often given consent in other cases; and the jury could not but have found, upon the evidence, that what he did had been approved by the company. And besides; it was enough that the secretary was a principal officer or agent of the company, and that he gave the consent on application for that purpose, at the place where the company transacted its business. His authority should be presumed until the contrary appears. (*Bank of Vergennes* v. *Warren,* 7 *Hill,* 91.) If the case of *Dawes* v. *The North River Ins. Co.,* (7 *Cowen,* 462,) must be considered as laying down a different doctrine, we feel constrained to say that the decision cannot be supported.

The defendants insist that the mortgage to Gridley was an alienation of the insured property within the meaning of the seventh section of the charter of the company. (*Statutes of* 1836, *p.* 315, *and* 44.) But we think otherwise. The alienation spoken of in the statute is an absolute transfer of the title to the property. The mortgage only created a lien on the land for the security of a debt.

If the case had been within the seventh section of the charter, the action should have been brought in the name of Gridley. (*Mann* v. *The Herkimer Ins. Co.,* 4 *Hill,* 187.) But as the case was not within that section, the action was necessarily brought in the name of Conover, though for the benefit of Gridley. (*Jessel* v. *The Williamsburgh Ins. Co.,* 3 *Hill,* 88.) There was no error on the trial.

New trial denied.

(*a*) See also *Slocum* v. *Fairchild,* in the court for the correction of errors, (7 *Hill,* 292.)

END OF JULY TERM.

# DECISIONS OF CASES

ARGUED AT THE

# SPECIAL TERM,