## ROLLINS *v.* THE COLUMBIAN MUTUAL FIRE INSURANCE COMPANY.

The act incorporating a mutual fire insurance company, provided that upon an alienation of the property insured, the policy should become void, unless it was assigned to the alienee with the assent of the company; *Held*, that a mortgage was not an alienation within the meaning of this provision.

The same act contained the usual grant of power to make all necessary and convenient by-laws for managing the business of the corporation; *Held*, that a by-law was valid which provided that the mortgagee, in any case, having the policy assigned to him, might have the same ratified and confirmed to him, for his benefit, by consent of the directors, and giving security to their satisfaction, and that in such case he should be entitled to all the privileges and incur all the liabilities of the institution, equally with other members.

*Held*, also, that where there was an assignment according to this by-law, the action, in case of a loss, must be in the name of the assignee.

Where a policy, issued by such a company, is assigned without an assignment or other conveyance of the property insured, no action can be maintained on the policy in the name of the assignee.

ASSUMPSIT, on a policy of insurance issued to the plaintiff, June 30, 1848. Plea, the general issue. On trial, the plaintiff's evidence went to show that the property insured, which consisted of certain manufacturing machinery, was destroyed by fire, on the 29th of December, 1849, while covered by the policy, and that he owned the property when it was insured and destroyed.

Previous to the fire, on the 11th of September, 1849, the plaintiff indorsed on the policy an assignment in the following terms: " The within policy of insurance is on pledge hereby transferred and assigned as collateral security to Samuel T. W. Sleeper and Blake Fowler, with all the advantages and benefits secured to me thereby." On the same day, this assignment was approved and recorded by the defendants, and the assent of the company indorsed on the policy by their secretary.

The act incorporating the defendants gave them power to make by-laws necessary and convenient for their regulation and government and for the management of their affairs, and to do all other acts and things necessary to effect the purposes intended by the grant; and also provided that the policy should create a lien on the property insured to secure payment of the premium-note, which should continue during the existence of the policy and the liability of the assured, notwithstanding any transfer or alienation thereof.

13

The fourteenth section of the act was as follows: " When any property, insured by this company, shall be alienated, the policy shall be void and surrendered to the directors; and upon such surrender the insured shall be entitled to his deposite-note, on paying his proportion of all losses and expenses which have accrued prior to such surrender. Provided, that the alienee having the policy assigned to him, may have the same ratified by the directors, in which case the assignee will become liable to all the conditions of the policy, and shall guarantee the payment of the deposite-note."

The seventh article of the by-laws was as follows: " The purchaser, *as also the mortgagee,* in any case, having the policy assigned to him, may have the same ratified and confirmed for his benefit, by consent of the directors, and giving security to their satisfaction for the remaining term of the policy; and in such case he shall be entitled to all the privileges and incur all the liabilities of the institution equally with other members. The secretary may indorse thereon the assent of the directors\to the assignment of any policy."

The defendants moved for a nonsuit, on the ground that the action should have been brought by the assignee, and could not be maintained in the name of the plaintiff. A nonsuit was ordered accordingly, which the plaintiff moved to set aside.

*Quincy,* for the plaintiff.

The action is well brought in this plaintiff's name. The contract is made with him, and none but parties to the contract of insurance, or their legal representatives, can maintain an action on the policy at common law. Policies of insurance are not assignable so as to enable the assignee to maintain an action in his own name. *Jessell* v. *Williamsburg Ins. Co.* 3 Hill 88; *Grainger* v. *Howard Ins. Co.* 5 Wend. 203.

The plaintiff, notwithstanding the assignment of the policy

as collateral security, has an insurable interest, and can maintain an action on the policy to recover the loss. *Rider* v. *Ocean Ins. Co.* 20 Pick. 259; *Lazarus* v. *Com. Ins. Co.* 5 Pick. 81; *Gordon* v. *Mass. Ins. Co.* 2 Pick. 249; 16 Wend. 385; *Copeland* v. *New England Ins. Co.* 3 Met. 434.

Notwithstanding a mortgage and assignment of the policy to the mortgagee, with the consent of the company, a suit on the policy to recover the loss must be brought in the name of the assured. *Canover* v. *Mutual Fire Ins. Co.* 1 Comstock 230; *Kittridge* v. *Rockingham Mutual Fire Ins. Co.* Law Reporter, Dec. 1849.

*H. A. Bellows*, for the defendant.

By the alienation of the property and assignment of the policy, with the assent of the company, the insured ceases to be a member of the company, and the assignee takes his place, and becomes entitled to all the privileges and subject to all the duties of a member. Section 14th of the charter, and section 7th of the by-laws.

The ratification and the approval of the assignment constitute a new contract of indemnity with the assignee, and he alone is entitled to the benefit of it. Independent of the provisions of the charter and by-laws, the assignment having been ratified by the company, and a new promise made to the assignee, the action can be maintained in his name. *Currier* v. *Hodgdon*, 3 N. H. Rep. 82; *Wiggin* v. *Damrell*, 4 N. H. Rep. 73; *Mowry* v. *Todd*, 12 Mass. 281; *Cleveland* v. *Clapp & a.* 5 Mass. 201; *N. E. Ins. Co.* v. *De Wolf*, 8 Pick. 56; *Wiggin* v. *Amer. Ins. Co.* 18 Pick. 158; *Wilson* v. *Hall*, 3 Met. 69.

*Mann* v. *Herkimer Ins. Co.* 4 Hill 187, is a case where the provisions of the charter were much like those of this company, and there it was held that no action could be maintained by the assignor. So is *Ferris & a.* v. *The North Amer. Ins. Co.* 1 Hill 71.

The present action is brought, for aught that appears, for

the benefit of the assignor, and should he recover, the judg-
ment would be no bar to an action by the assignees. The
case of *Jessell* v. *Williamsburg Ins. Co.* does not controvert
our positions, as in that case there was only a simple con-
sent that the policy might afterwards be assigned, but no
subsequent ratification and compliance by the assignee with
the rules of the company. The distinction between a pre-
vious and subsequent assent is taken in *Smith* v. *Saratoga
Mut. Ins. Co.* 3 Hill 509.

PERLEY, J. Under the general rule of the common law,
a contract of insurance is not assignable so as to give an
action in his own name to the assignee, though by the terms
of the policy the contract is with the assured and his assigns,
and the agreement of the insurer is to pay the loss to the
assured and his assigns. *Grainger* v. *Howard Ins. Co.* 5
Wend. 200; *Canover* v. *Mut. Fire Ins. Co.* 3 Denio 254;
*Kittridge* v. *Rockingham Ins. Co.* and *Mandell* v. *Nevins,*
and *Rockingham Ins. Co. Tr.* decided in Rockingham
county, and not yet reported.

A mortgage is not an alienation within the meaning of
this act of incorporation, and would not avoid the policy,
and so prevent the plaintiff in this case from maintaining
this action. *Lazarus* v. *Ins. Co.* 5 Pick. 81; *Canover* v.
*Ins. Co.* 3 Denio 254.

The fourteenth section of the charter does not provide for
an assignment of the policy in case of a mortgage, and this
assignment, there being no alienation, is not within the pro-
vision of that section. Under that provision of the charter,
no action can be maintained by a mortgagee who takes an
assignment of the policy, though the corporation assent to
the assignment. *Canover* v. *Ins. Co.* 3 Denio 254.

If the assignees had been absolute purchasers and alienees,
and the assignment were assented to by the corporation
pursuant to the act, the assignees would have had all the
rights and privileges of the original party insured, and,

.among others, the right to sue on the policy in their own name, and the action could not be maintained by this plaintiff. This is the reasonable and fair construction of the provision in the charter, and the same that was put on a similar provision in *Mann* v. *The Herkimer Mutual Ins. Co.* 4 Hill 187.

The seventh section of the by-laws puts an assignment made to a mortgagee on the same footing with one made to an absolute purchaser; and gives the mortgagee who takes the assignment according to the by-law, all the privileges of the party originally insured, and makes him, by clear implication, a member of the corporation. He is entitled to all the privileges and incurs all the liabilities of the institution, equally *with other members.* If this article of the by-laws is valid, it must have the same interpretation that would have been given to it if it had been found in the act of incorporation.

The fair interpretation of the language used in the by-law would give the assignee an action in his own name; otherwise he could not be said to have all the privileges of other members. In case of a loss, his right to recover of the company would be the substance of his security, and the right to enforce his claim in his own name would be very material. The mortgagee, in other cases, sues in his own name to enforce his rights over the property mortgaged. His security would be very imperfect and precarious if he were obliged to sue in the name of the mortgagor.

In case the mortgagor should redeem, and thus determine the interest of the mortgagee, we perceive no greater difficulty than in any other case where a mortgagee brings an action, which is liable to be defeated by payment of his debt.

We think, therefore, if the by-law is held to be valid, that the mortgagee to whom an assignment has been made according to the by-law, may bring an action on the policy in his own name, and that the original party cannot main-

tain an action while the policy remains so assigned. The assignee becomes the member of the corporation, and is substituted in place of the assignor. The corporation could not be subject to the actions of two parties for the same loss. *Mann* v. *Herkimer Ins. Co.* The mortgagee would have an insurable interest, and there would be no objection to the contract of insurance with him, on general principles.

Is the by-law valid? The corporation have power to make by-laws proper to carry into effect the general objects of the charter, provided they are consistent with the provisions of the charter and the principles of law. The general object of the charter is mutual insurance of insurable interests, in a convenient and effectual manner.

The interest of a mortgagee is an insurable interest, and there is a peculiar convenience in continuing an existing insurance where the property is mortgaged after the insurance, because the interest of the mortgagee is conditional, and may determine by discharge of the debt; and in that case, if the existing insurance were vacated by the mortgage, a new one would be necessary. Besides, the mortgagor, as between him and the mortgagee, ought to bear the charge of the insurance, and to remain liable on the deposite-note. In case of an absolute sale, if the insurance is vacated, the insured is discharged from his note on paying for past losses; and there is apparently no great advantage, either to the seller or the buyer, in allowing an assignment, instead of requiring a new note and policy. It may save the trifling expense of a new policy and the inconvenience of a small payment in advance; but the interest of the insured is terminated and cannot revive; whereas, in case of a mortgage, his interest still remains; and there appears to be a great convenience and peculiar propriety in allowing the same insurance to continue, in a way that will give perfect security to the mortgagee, and at the same time leave the mortgagor to keep the insurance on foot at his own expense and for his own ultimate benefit in case of a loss; for the loss re-

covered by the assignee would go to pay the mortgage debt, and the insurance would. be in a situation to continue on the original footing, if the mortgage were redeemed. We think the by-law reasonable and valid.

The technical rule that an assignee shall not bring an action in his own name, is not such an unyielding principle as would stand in the way of this by-law; for the assignment and assent of the corporation make a new contract, upon which, in the case of a natural person, the assignee might maintain an action in his own name; and the action of the assignee in this case would be founded on this new contract made with him.

This case has been treated, on both sides, as if the property insured had been mortgaged to the assignee of the policy; but that fact is not found in the case stated. The policy is stated to have been assigned in pledge; but a pledge of the policy is a different thing from a mortgage of the property insured. Without a transfer of some interest in the property insured, the policy could not be assigned, either under the charter and by-laws of this corporation or on general principles, so as to give the assignee an action in his own name. We may conjecture that there was in fact a mortgage, but we cannot draw that conclusion from this case, as a legal inference.

If the fact that there was such a mortgage should be conceded and added to the case, there should be judgment on the nonsuit. But if there were no such mortgage, an ineffectual attempt to assign the policy would not defeat the action of the original party insured; his contract with the defendants and his insurable interest would remain, and his right to recover would be unimpaired. As the case now stands, the nonsuit must be set aside and a new trial granted.