The Court.
I do not think there is any question of fact in this case ; it is purely a question of law ; it is one of those cases which appear to be pretty hard, but the law is perfectly well settled in this State that the clerks of a corporation are special, and not general agents.
The court directed that plaintiff’s complaint be dismissed, and directed a verdict for defendant. Plaintiff’ s counsel duly excepted, and afterwards moved for a new trial, upon the judge’s minutes, which motion was denied.
S. D. Morris and Thomas E. Pearsall, for the plaintiff, appellant.—I. According to the usual course of business, as shown by the evidence, Holley was an agent, authorized to collect premiums on lapsed policies, and give receipts therefor.
*179 II. The court erred in excluding the offer of plaintiff’s counsel, to prove the custom of the defendants in receiving premiums on policies after the time for payment had expired (Commercial Bank v. Kortright, 22 Wend., 348).
III. The court erred in directing a verdict for defendants. The question whether Holley had authority to receive the premium or not, or whether his acts had been ratified or not by the defendants should have been submitted to the jury (Conover v. Mutual Ins. Co., 3 Den., 254 ; Lycoming County Mutual Ins. Co. v. Schollenberger, 44 Penn. St., 259).
IV. Defendants having allowed Holley repeatedly to collect premiums past due, and give receipts therefor, they are estopped from denying his authority in this particular case. Authority in such a case will be presumed (Goit v. National Ins. Co., 25 Barb., 187; Baker v. Union Life Ins. Co., 6 Abb. Pr. N. S., 144 ; Bank of Vergennes v. Warren, 7 Hill, 91).
V. Notice of the receipt of the premium and an account of the same rendered to the agent authorized to waive forfeiture, was notice to the company, and waiver of the forfeiture by it (Buckbee v. United States Co., 18 Barb., 541; Mechanics’ Bank v. Schamberg, 38 Mo., 228 ; Trenton Banking Co. v. Woodruff, 1 Green Ch., 117 ; Branch Bank at Huntsville v. Steel, 10 Ala. N. S., 915 ; 3 N. Y. [3 Comst.], 156).
VI. Unless an unauthorized act of an agent is repudiated within a reasonable time after knowledge, the principal will be bound by it, and there was no such repudiation in this case (Cairnes v. Bleecker, 12 Johns., 300 ; Hope v. Lawrence, 50 Barb., 258).
■VII. So far as the agent, whether general or special, is in any case held out to the public at large, or to third persons dealing with him, as competent to contract for or to bind the principal, the latter will be bound by the acts of the agent, notwithstanding he may have *180 deviated from Ms special instructions or orders (see Story on Agency, §§ 127,133).
VIII. The facts in this case differ materially from the facts in the former case, and fully meet the objections stated in the opinion of the court in that case. This will clearly appear by reading the opinion in that case in connection with the facts in this.
Mr. Reynolds, and Miller, Peet & Opdyke, for defendants, respondents.
By the Court.*—J. F. Barnard, P. J. (after stating the facts).
From a careful examination of the case, I am of the opinion that the judgment should be reversed, and a new trial ordered.
The proof is somewhat fuller than upon the first trial. The plaintiff, who was one of the insured, and had a direct interest in the life of the policy, paid her money due for the back premiums to a person (Holley) who was-in the employ of the defendant, and whom she found at a desk behind the railing or counter, at their place of business. She paid, after inquiry as to the past payments, and after Holley had examined the defendant’ s books and given her the information which she sought. She asked if she could pay the back premiums, and was answered by the said person, 1 £ Certainly you can.” The secretary was an officer of the company, and as such had the power to receive overdue premiums, and waive forfeitures. The by-laws of the company, admitted on this trial, and excluded on the first, established -this power of the secretary. Castle, the cashier, received premiums on expired policies, and had direct authority to sign for the secretary, and by the evidence of the then secretary of the defendants it appears that various persons in the cashier’s ab *181 sence, Holley among the number, occupied the cashier’s desk and acted for him. The secretary also testifies that when he found policies behindhand, Holley was sent to collect them. “ What he would take I cannot say."* I did not sign one in a thousand of the receipts ; he might sign them, or somebody else might sign them.” “Many of the clerks used to sign for me, without any authority that I know of.” The same witness testifies, 1 ‘ that the only way of waiving a forfeiture was by receiving the premium and giving a receipt; ” and also that the general practice of the company was to waive forfeiture by Teceiving the premiums when there was nothing in the case to raise suspicion or inquiry.
I do not advert to the testimony adduced by the defendants, for the reason that the court below, in directing a verdict, has, in legal effect, said to the plaintiff, you cannot recover, even if the jury should find as facts all that you claim as the fair meaning of, and inference from, the evidence which you give.
From this view of the case I dissent. Whatever the terms of the policy, whatever the rules and regulations of the company, made in its interest, and for its protection, the defendants had power to waive them, not only by express formal waiver, but also by its ordinary custom and mode of dealing with its patrons. Ho corporation should be permitted to annul the effect of the customary method of its dealings and business by invoking the force of laws and regulations which it has practically disregarded ; and if, in this case, it has compromised the effect of its rules by their frequent and habitual suspension, and if it has allowed those to act, or to seem to act, as officers, who were not officers, its formal regulation against such a course of dealing can avail nothing. Its liability, so far as this action is con *182 cerned, is to be determined by its own conduct. If Holley, under all the proof, has been permitted by the company to occupy a position and discharge duties which authorize the insured to treat with him as with an officer empowered to remit forfeiture and renew policies, then the plaintiff should recover. How the jury should have found it is not for me to say; but it should have been submitted to them upon the whole case to determine whether the defendants, by the conduct of their business and the character of the different duties performed by Holley, had or had not authorized the plaintiff to rely upon the transaction with Holley, in the matter of the over-due premium, as a transaction with the company itself.
The judgment should be revérsed, and a new trial, granted, costs to abide event.
Order accordingly.

 Present, J. F. Barnard, P. J., and Tappan, J. Gilbert, J., took no part.

 This was in answer to the question whether Holley took with him receipts, and by whom such receipts were signed.