Ann Eliza Mitchell, Executrix, etc., et al., Respondents, *v.* The Vermont Copper Mining Company et al., Appellants.

Plaintiffs' testator, M., was a stockholder in a Vermont mining corporation. Its directors imposed an assessment upon its stock and advertised the stock of M. for sale for non-payment thereof. Prior to the sale M. tendered to the president of the corporation, at its office, during business hours, his check for the amount of the assessment. The president refused to accept, but made no objection as to form or amount. The stock was sold and bought in by the president. M. repeatedly thereafter offered to the corporation and to its president the amount of the assessment and all charges and expenses in making the sale. In an action brought to set aside the sale and to restrain a transfer of the stock to the purchaser, *held*, that in the absence of evidence of want of authority in the president the tender must be assumed to have been properly made to him; that the question of want of authority not having been raised upon the trial, could not be raised upon appeal; that no objections as to the form or amount of the tender having been made at the time, they were waived and the tender must be held sufficient; that a sufficient tender having been made, the sale was without authority and void, and that plaintiff was entitled to the equitable relief claimed.

(Argued October 5, 1876; decided November 14, 1876.)

Appeal from judgment of the General Term of the Superior Court of the city of New York affirming a judgment in favor of plaintiff, entered upon a decision of the court at a trial at Special Term. (Reported below, 8 J. & S., 406.)

This action was brought to set aside a sale at public auction made by the defendant, the Vermont Copper Mining Company, of 10,941 shares of the stock in the company belonging to plaintiffs' testator, and to restrain the company from transferring the stock to the purchaser.

The court found substantially the following facts, among others: That, on September 17, 1866, the plaintiffs' testator, Samuel L. Mitchell, owned 10,941 shares of the stock of the defendant, the Vermont Copper Mining Company, a corporation organized under the laws of the State of Vermont, having power, by virtue of the act under which it was incorporated, to

assess its stock, and to sell the shares of stockholders not paying assessments made pursuant to its by-laws; that, by various resolutions of the board of directors of said corporation, made pursuant to its by-laws, an assessment upon its stock of twenty cents per share was made, and the stock upon which such assessment had not been paid was directed to be sold at public auction; that, pursuant to such resolutions, the stock of said Mitchell was advertised for sale; that, prior to the sale, he caused to be tendered to Smith Ely, the president, and a director of said company, at its office, during business hours, a check for the amount of said assessment upon his stock; that the company had requested payment by check; that said Ely declined to receive the same, making no objection to the check, but saying that it would affect the sale to have such stock withdrawn; that he would buy in the stock and Mitchell could then pay the assessment. The stock was sold as advertised, and bid off by Ely, Mitchell publicly protesting against the sale at the time. He did not pay for the same, however, and had not down to the time of trial.

It appeared, upon the trial, that Mitchell repeatedly tendered to the company and to Ely the amount of the assessment, and the charges and expenses of the sale, but they refused to accept the same. The court directed judgment vacating and annulling the sale, and enjoining the company and Ely from taking any proceedings to consummate the same. Judgment was entered accordingly.

*Moses Ely* for the appellants. The alleged tender by plaintiff's testator was at law a nullity. (*F. L. and T. Co.* v. *Mann*, 4 Robt., 356–366; *Crump* v. *U. S. Mining Co.*, 7 Grat., 352–371; *Dougherty* v. *Hunter*, 54 Penn., 380; *Chicago, B. and Q. R. R. Co.* v. *Coleman*, 18 Ill., 297; *Leggatt* v. *N. J. M. and B. Co.*, Saxton's Ch., 542–553; *N. C. R. R. Co.* v. *Baspian*, 15 N. Y., 494.)

*Jno. E. Parsons* for the respondents. If, prior to the sale of the stock, the assessment was tendered, the power of the

company to sell it was terminated. (*Hull* v. *Peters*, 7 Barb., 331; *Carman* v. *Pultz*, 21 N. Y., 547; *Duffy* v. *O'Donavan*, 46 id., 225; *Kortright* v. *Cady*, 21 id., 342; *Walton* v. *Smith*, 5 B. & Ald., 439; *Kemble* v. *Wallis*, 10 Wend., 374; *Haskins* v. *Kelly*, 1 Robt., 160.) Defendant's president was authorized to receive the tender. (*Dezell* v. *Odell*, 3 Hill, 215; *Plumb* v. *Cat. Co. Mut. Ins. Co.*, 18 N. Y., 392; *Moore* v. *Mut. Nat. Bk.*, 55 id., 41; *Barnard* v. *Campbell*, id., 456; *Chapman* v. *Rose*, 56 id., 137; *Howland* v. *Myer*, 3 Cow., 290; *Conover* v. *Mut. Ins. Co.*, 3 Den., 254; *Bk. of Vergennes* v. *Warren*, 7 Hill, 91; *Hoag* v. *Dart*, 60 N. Y., 96.)

ALLEN, J. In the absence of evidence of want of authority in the president to represent and act for the corporation defendant, or any claim upon the trial that he did not represent the corporation, the tender to him of the assessment at the office of the company during business hours must be assumed to have been properly made to him, and his refusal to accept it must be regarded as the act of the corporation. (*Plumb* v. *Cattaraugus Co. Mutual Ins. Co.*, 18 N. Y. 392; *Dougherty* v. *Hunter*, 54 Penn. St. R., 380; *Howland* v. *Myer*, 3 Comst. 290; *Bank of Vergennes* v. *Warren*, 7 Hill, 91; *Conover* v. *Mutual Ins. Co. of Albany*, 3 Den., 254; *Commercial Bank of Buffalo* v. *Kortright*, 22 Wend., 348.) If the defendant intended to challenge the authority of the president to represent and act for the corporation, the question should have been made upon the trial, when it might have been obviated by other evidence. There was no objection to the tender at the time it was made, either as to form or amount, and all objections which might have been taken upon either ground were therefore waived, and the tender must be held to have been sufficient in amount and in proper form. The check of the party not objected to was, for all the purposes of a legal tender, the equivalent of money. (*Duffey* v. *O'Donovan*, 46 N. Y., 223.) A sufficient tender of the amount due for the assessments having been made before the sale, the sale was without legal authority and void.

It is now claimed that this is not a case for equitable relief. But the claim is untenable. The testator before the commencement of the action repeatedly offered to the corporation and to Mr. Ely, its president, who was also the purchaser of the stock, the amount of the assessments, and all charges and expenses in making the sale, and the same was refused. By this action the refusal of the parties to recognize the rights of the stockholders, and the assertion of title under color of a sale, gave the party a right of action against the wrong-doers. With this adverse claim his stock had no marketable value, and he was in effect ousted from all the rights of a stockholder. The right to relief is unquestionable.

The court below was not asked to provide in its judgment for a payment of the assessments as a condition of relief, and no error can be alleged in this court by reason of an omission to do so.

The costs were in the discretion of the court below.

The judgment must be affirmed.

All concur.

Judgment affirmed.