WM. H. HAWLEY, APPELLANT, v. ALBERT McINTYRE, SUPERINTENDENT OF POOR OF YATES COUNTY, RESPONDENT.

*County claims — must be itemized and verified by affidavit*— 1 R. S. (6th ed.), 845, § 70.

No action will lie against a superintendent of the poor for neglect of duty in failing to audit, allow and pay by warrant the claim of one who has rendered services as a physician to a pauper, when the claimant has failed to present to him an itemized account verified by his affidavit, as required by section 70, of 1 R. S. (6th ed.), 845.

APPEAL from a judgment in favor of the defendant, entered upon the report of a referee.

*Spencer & Struble*, for the appellant.

*Wood & Butler*, for the respondent.

HARDIN, J.:

This is an appeal from a judgment entered upon the report of a referee dismissing the complaint of the plaintiff, with costs.

The action was one upon the case, and the *gravamen* of the charge is that the defendant, being superintendent of the poor of Yates county, refused and neglected to settle, audit, allow and pay, by means of his warrant, drawn upon the county treasurer, an account of the plaintiff for services and charges, as a physician, in

attending and treating one Crogan, a pauper, who was injured by the cars and became sick and disabled in the town of Milo, at Penn Yan.

The defendant answered and, among other things, stated that he put "in issue not only his liability in this action, and the amount and value of said services and expenses."

Upon the trial it was admitted that the account when presented to the defendant "was not, when so presented, verified by the plaintiff."

The referee held and decided that the plaintiff had no cause of action, and dismissed the complaint. It is well settled that a party who sustains damages by reason of the omission of duty by a public officer can maintain an action therefor. (*Olmsted* v. *Dennis*, 77 N. Y., 382, and cases cited; *Warren* v. *Clement*, MS. op., decided at this term;* *McCullough* v. *Mayor*, 23 Wend, 458; *Hayes* v. *Symonds*, 9 Barb., 260.)

In 1845, May 10, the legislature passed an act to reduce the number of town officers and town and county expenses, and to *prevent abuses* in auditing town and county accounts. That act was amended by chapter 490 of the Laws of 1847 (vol. 2, p. 729).

The statute thus amended declares "*no account* shall be audited by any board of town auditors, or supervisors, or *superintendents of the poor for any* services or disbursements *unless* such *account* shall be made out in items and *accompanied with* an affidavit attached to and to be *filed with* such account, made by the person presenting or claiming the same, that the items of such account are correct, etc." (1 R. S. [6th ed.], 845, § 70.)

This was passed to prevent frauds and abuses and to protect the tax-paying public. It was not complied with by the plaintiff. The duty to audit, allow and give a warrant did not begin until the plaintiff, as a condition precedent, presented such an affidavit.

The complaint did not state that such affidavit was presented to the defendant, nor did the plaintiff offer any proof to that effect. There was no dereliction of duty, therefore, shown. The defendant did not, therefore, become liable to an "action on the case." Not having been guilty of any negligence he was not liable to the plain-

---

* Reported *post* p. 472.

tiff for omitting to audit, either personally or in his official capacity. (*Lament* v. *Haight*, 44 How., 1.)

No court would overrule the statute, and order by *mandamus* a warrant upon the treasurer, and we ought not to help the plaintiff violate the statute passed to prevent abuses in auditing town and county accounts, quoted *supra*.

The cases in respect to waiver of grounds not taken, when a tender is made between individuals, have no application. (67 N. Y., 280.) The defendant had no business or right to waive the requirements of the statute, nor did he do anything tending to create an estoppel. The plaintiff failed to make a case and was properly nonsuited.

The judgment dismissing the complaint ought to be affirmed.

TALCOTT, P. J., and SMITH, J., concurred.

Judgment affirmed.