## Case No. 2,428.

### CARPENTER v. AMERICAN INS. CO.

[1 Story, 57.] [1]

Circuit Court, D. Rhode Island. Nov. Term, 1839.

#### INSURANCE—MISREPRESENTATION BY AGENT.

1. A misrepresentation of a material fact, whether it be made through mistake or design, avoids a policy of insurance underwritten on the faith thereof.

2. The knowledge and consent of the principal is not necessary to make such a misrepresentation by an agent fatal to the policy.

At law. This was an action of assumpsit [by Jeremiah Carpenter] on a policy of insurance upon the Glenco Factory and machinery, underwritten by the American Insurance Company at Providence, on the faith of certain representations contained in letters written by Samuel G. Wheeler to the insurance company. At the time that the policy was underwritten, he and his brother Henry M. Wheeler were proprietors of the factory and machinery under the copartnership name of Henry M. Wheeler & Co. The policy bore date on the 12th of December, 1836, and was as follows: "The American Insurance Company &c. do insure Henry M. Wheeler & Co. against loss of damage by fire to the amount of six thousand dollars, to wit: fifteen hundred dollars on the Glenco Cotton Factory, water-wheel and fixed machinery, thirty-five hundred dollars on movable machinery, and one thousand dollars on stock contained therein. Said factory is situated in Livingston, New York. This insurance is made with reference to letters of S. G. Wheeler, dated the 14th November and 6th December, 1836, with knowledge of additional insurance on the same property by the Providence Washington Insurance Company to the amount of fifteen thousand dollars, and with the agreement, that the assured may assign this policy to Epenetus Reed," &c. The whole interest of Samuel G. Wheeler and Henry M. Wheeler was by a subsequent assignment transferred to Jeremiah Carpenter, the present plaintiff, and indorsements thereof were made on the policy, as follows: "1837, Dec. 14th. Samuel G. Wheeler by letter dated this 13th Dec. 1837, certifies, that he has transferred his interest in the Glenco Factory and machinery to Jeremiah Carpenter, and thereupon it is agreed that the within policy shall be for his benefit and not that of said Wheeler. See letter to Jeremiah Carpenter, Dec. 14th, 1837." And subsequently, "1838, May 4th. Assignment by Henry M. Wheeler and Samuel G. Wheeler of their interest in this policy to Jeremiah Carpenter. See letter to Samuel G. Wheeler, May 4th, 1838." The policy was subsequently renewed by Wheeler & Co.

on the 18th December, 1837; by which renewal it was to continue in force for one year from the 12th of December, 1837; and again by Jeremiah Carpenter on December 11th, 1838, by which it was to continue in force from December 12th, 1838, to December 12th, 1839.

The letters of Samuel G. Wheeler and answer of the American Insurance Company were as follows:

"Paterson, N. J., 14th Nov., 1836. Gideon Thurston, Esq., Sec. American Ins. Co. Dear Sir,—I wish to insure $10,000 on the Glenco Cotton Factory formerly belonging to Egbert Reed & Co., my brother being the Co. and owning one half. I have recently purchased the Reed half, and my brother and myself are the entire owners. We have $15,000 insured at the Providence Washington office, where you can see a description of the property. My brother lives on the premises, and has the entire charge and superintendence of the whole works. Want the risk, say $2500 on building, water-wheel, and gearing, $6000 on machinery, and $1500 on stock, cloth, and yarns in the mill. If you will insure at the same premium the Providence Washington Co. do you can fill policy. forward it to me, 42 Pine street, New York, and draw at three days' sight for amount of premium. I wish permission given to assign the policy to Epenetus Reed. Please make it in the name of Henry M. Wheeler & Co.; this is the firm under which the business of the mill will be conducted. Your early attention and reply will much oblige your friend. Sam. G. Wheeler."

"Office of the American Ins. Co. Providence, Nov. 17th, 1836. Mr. Samuel G. Wheeler, Sir,—Yours of the 14th inst. was duly received, and at your suggestion the survey of the Glenco Cotton Factory at Providence Washington office was examined, and it was found that the whole establishment there was valued at nineteen thousand dollars, upon fifteen thousand dollars (as much as is deemed proper on such a valuation) being insured, the American Insurance Co. decline the risk which you have proposed. The company will insure on factories in New York, or almost any part of the country, and for you, or your establishment, if there have been additions to its value, or other circumstances that will render further insurance on the same proper in their opinion. Yours respectfully, Gideon Thurston, Sec'y."

"New York, 6th Dec. 1836. G. Thurston, Esq., Sec. American Ins. Co. Dear Sir,—Your favor of the 17th November I duly received. When I applied to you for insurance on the Glenco Factory, it did not occur to me that the whole works had been nearly doubled, both in machinery and buildings, since the insurance was made at Washington office. The addition to the factory building is 35 by 70, 1½ stories high; the lower part occupied as a weave-room in which is 48 looms;

[1] [Reported by William W. Story, Esq.]

the upper part will be occupied as a dressing-room. The building is now geared in the best manner, at an expense of $1500 to $2000. 20 new looms have been added since this building was erected, with all necessary machinery to make gear to keep them in full operation. I have not now the particular items of additional expenditure, but should think it would amount to fully $10,000; all the machinery is new within the last two years. Every part of the works is in perfect order, and many improvements have been made within the last year, which lessen the risk. We consider the whole works worth at least $40,000. We presume this explanation will be sufficient to warrant your office to insure for the $10,000, agreeable to my former letter; if so you will please fill policy, send it to me, and draw at sight for the premium. Respectfully, your friend, Samuel G. Wheeler."

The factory and machinery were afterwards destroyed by fire on the night of April 9th, 1839, and this action was brought to recover the insurance.

Rivers & Whipple, for plaintiff, contended, that there was no intention and misrepresentation of the facts, and that the property, at the time when the insurance was made, was in reality worth as much as was stated in the letter of Samuel G. Wheeler of the 6th of December, 1836, on the faith of which the present policy was underwritten.

Pratt & Atwell, for defendants, contended, that the insurance was obtained upon a false representation of the insured at the time the insurance was effected, and in proof, put in the following papers and documents, viz. The letter from Samuel G. Wheeler to the defendants, dated November 14th, 1836. The proposal of Egbert Reed & Co., made to the Providence Washington Insurance Co., dated in September, 1835. The letter of the defendant to Samuel G. Wheeler. dated November 17th, 1836. The letter of Samuel G. Wheeler to the defendants, dated December 6th, 1836. The insurance was made upon the faith of the representations in this last letter. The counsel for the defendants also referred the court to the particular terms of the policy, the endorsement thereon and the renewals thereof.

It was admitted by the counsel for the plaintiff, that no material addition had been made to the buildings or machinery in December, 1836, at the time this policy was effected, which was not in the proposal and insurance at the Providence Washington office, in September, 1835, and, that only about $700 worth of new or additional machinery had been added, since the insurance was effected at the American office, which the defendant contended had nothing to do with the question.

STORY, Circuit Justice, delivered the opinion of the court as follows.

We are clearly of opinion, that the policy in this case having been obtained upon a misrepresentation of the material facts, is utterly void. The original proposal for the insurance, by the letter of the 14th of November, 1836, referred the defendants to the description of the property at Providence Washington Insurance Company's office, at which it was insured for $15,000, the property being therein valued at $19,000. The defendants, after examining that policy and description, declined, by the letter of the 17th of November, to take the additional sum proposed, upon the very ground, that the sum already insured thereon was as much as was proper to be taken on such a valuation. In order to induce the defendants to take the risk, the letter of the 6th of December, 1836, represented, that since the original insurance was made, additions had been made to the factory, &c. fully equal to $10,000. Upon the faith of this statement the present policy was underwritten. It now turns out that this representation is utterly untrue, (whether by design or by mistake is not material,) and no such additions have been made since the former policy. No one can doubt the materiality of this representation; for it was the very point (the increased value) upon which the policy was underwritten. It seems to us, therefore, that this makes an end of the case; for a false representation of a material fact is, according to well settled principles, sufficient to avoid a policy of insurance underwritten on the faith thereof, whether the false representation be by mistake or by design.

It is suggested, that the misrepresentation was in fact unintentional and without any fraudulent design, and that Epenetus Reed (the mortgagee) for whose benefit the insurance was made, was entirely ignorant of the misrepresentation; and that, under such circumstances, his rights under the policy ought not to be prejudiced thereby. But this suggestion cannot avail for the plaintiff, or for Reed. The misrepresentation, made by an agent in procuring a policy, is equally fatal, whether made with the knowledge or consent of the principal, or not. The ground in each case is the same. The underwriters are deceived. They execute the policy upon the faith of statements, material to the risk, which turn out to be untrue. The mistake is, therefore, fatal to the policy, as it goes to the very essence of the contract.

The plaintiff discontinued his suit, and costs were awarded to the defendants.