## DAVID v. THE HARTFORD INSURANCE COMPANY.

1. INSURANCE: FORFEITURE BY ADDITIONAL INSURANCE. A policy of insurance contained the following conditions: "That if the said assured or his assignees shall make any other insurance on the same property, and shall not, with reasonable diligence, give notice thereof to this company, and have the same endorsed on this instrument, or otherwise acknowledged by them in writing, this policy shall cease and be of no further effect." The assured thereafter obtained three different policies in different companies, each of which was upon the condition that if the interest insured was a leasehold it should be so stated in the policy, otherwise it would be void. The interest of the assured in the lot upon which the insured property was situated was a leasehold, but that fact was not stated in either of said policies. After the loss, these policies were treated as valid and paid by the companies which issued them. It was held, in an action on the policy containing the condition above set out, that the subsequent policies, so far as the assured was concerned, were valid and binding, and that obtaining them without notice to the defendant was a violation of such condition, and rendered the policy void.

*Appeal from Dubuque District Court.*

THURSDAY, APRIL 10.

ACTION to recover on a policy of insurance. The facts are stated in the opinion of the court.

*Wilson, Utley & Doud* for the appellants.

I. The court erred in instructing the jury as follows: "If you find there was no notice to the defendant of the subsequent insurances, you will then come to the question whether the last policies of insurance were void, for if they were, the plaintiff is entitled to recover, and in this it matters not whether notice was given or not."

1. There was no such issue made by the pleadings, and the jury could determine only the issues of fact. *Parker* v. *Hendrie,* 3 Iowa, 263; *Brink* v. *Morton et al.,* 2 Id. 422; *Danforth, Davis & Co.* v. *Carter & May,* Id. 552; *Vanvalen* v. *Lapham,* 5 Duer, 689; *Gray* v. *Fowler,* 5 Sand. 54; Van Santvoord's Pl. 416; *Hubler* v. *Pullen,* 9 Ind. 273; and cases cited, note 1.

2. The only questions at issue were: (1). Did defendant execute the policy sued on? (2). Was there a loss by fire according to the conditions of the policy? (3). Did the plaintiff own sufficient interest in the property to constitute an insurable interest? (4). Did plaintiff procure subsequent insurances, and fail to notify defendant thereof? The questions as to whether or not the plaintiff had complied with the conditions of the subsequent policies, or owned an absolute or leasehold interest in the property insured; or had failed to state the same; or whether facts existed which avoided the policies, were not in issue in the case, and could not be sprung upon defendant at the trial, or passed upon by the jury, and no evidence was admissible in proof thereof under the pleadings. See cases

cited above; also, *Walters* v. *Washington Insurance Co.*, 1 Iowa, 404; *Bowen & King* v. *Hale*, 4 Id. 430; U. S. Digest, Title General Issue, Evidence, vol. 17, 18, sec. 8, p. 443, Title Pleadings; *Jeffrey* v. *Shalasenger*, 1 Harris, 12; *Haywood* v. *Harmon*, 17 Ill. 477; *Rose* v. *Mortimer*, Id. 475; *Manville* v. *Gay*, 1 Wis. 250; *Bolton* v. *Cummings*, 25 Conn. 410; *McKyring* v. *Bull*, 16 N. Y. (2 Smith), 297; *Brazil* v. *Isham*, 1 E. D. Smith, N. Y. 257; *Hubler* v. *Pullen*, 9 Ind. 273; *Parker* v. *Hendrie*, 3 Iowa, 264; *Insurance Co.* v. *Woodruff*, 2 Dutcher, (N. J.) 541.

II. The court erred in instructing the jury : "If they—the said policies—were void, the plaintiff is entitled to recover, and in this it matters not whether notice was given or not." "A second policy, which is void, does not vacate the first; and the fact that the company who issued the second policy paid the amount insured, is of no consequence in the question here involved, if the payment were made upon a policy clearly void." *Campbell* v. *The Ætna Insurance Company*, Supreme Court of Nova Scotia, May 31st, 1860; *Bigler* v. *The New York Central Insurance Company*, New York Court of Appeals, 1861; *Carpenter* v. *The Providence Washington Insurance Company*, 16 Pet. 495.

III. Plaintiff by his acts has waived any objection to the policies, 19 Barb. 440; 5 Denio, 154; 25 Barb. 189; 4 Foster, 259, 263; Bigler case, as above cited.

IV. The court erred in refusing to give the second and ninth Instructions asked by defendants to the jury, viz. :

2d. "If the jury believe from the evidence that plaintiff was the owner of the property insured, and that his interest was absolute during the continuance of the policies (which plaintiff claims to be void) he must find for the defendant."

9th. "That plaintiff has not produced before the jury sufficient legal evidence to prove that said David, the in-

sured, did not own the said insured property, absolutely, at the time of the issuing of the said several policies."

*Samuels, Allison & Crane* for the appellee.

I. The replication denies the allegation of the answer, that the plaintiff did make and procure other insurances upon the property; and thus sufficiently raises the issue tried in this case. 1 Chit. Pl., 512; *Merrick* v. *Gibbs*, 3 McCord, 315; *Dixie* v. *Abbott*, 7 Cush., 610; 14 Pick., 303; *Anthony* v. *Wilson*, 6 Cal., 640; 1 Humph., 12; *Painter* v. *Weatherford*, 1 G. Greene, 97; *Hildreth* v. *Tomlinson*, 2 Id., 360, *Walters* v. *The Washington Insurance Company*, 1 Iowa, 408.

II. The objection comes too late. It should have been urged when the evidence was offered. *Walters* v. *The Washington Insurance Company*, 1 Iowa, 413; *Woods and Hobart* v. *Morgan*, Morris, 181; *Sullivan et al.* v. *Finn*, 4 G. Greene, 544; *Harmon* v. *Chandler*, 3 Iowa, 150.

III. The subsequent policies were void, and could not operate to avoid the one upon which this action is based. One of their conditions was: "If the interest in property to be insured be a leasehold interest, or other interest not absolute, it must be so represented to the company, and expressed in the policy in writing, otherwise the insurance shall be void." The interest of the insured was leasehold, but was not so expressed in the policy.

1. This condition constitutes a part of the contract. Ang. Fire Ins., p. 52, § 14; *Murdock* v. *Chenango County Mutual Insurance Company*, 2 Com. 210; *Roberts* v. *The Same*, 3 Hill, 501; 3 Wend., 94; see, also, *Emerson* v. *Murray*, 4 N. H., 171; *Duncan* v. *Sun Fire Insurance Company*, 6 Wend., 494; 9 Barb., 201; 5 Pick., 181; 16 Wend., 395.

2. This condition constitutes a warranty, and must be literally and strictly true; otherwise the policy is void, *ab initio*, and there is no contract between the parties. Ang.

Fire Ins., p. 184, §§ 140–143, note 2, and authorities there cited; Pars. Mer. L., p. 519, § 6; 3 Kent, 288; *D. Hahn* v. *Hartley*, 1 Term R., 345; 1 Doug., 11, note 4; *Burritt* v. *The Saratoga County Mutual Insurance Company*, 5 Hill, 192; *Jennings* v. *The Chenango County Mutual Insurance Company*, 2 Denio, 81; *Goix* v. *Lowe*, 1 John. C., 351; *Murray* v. *The United Insurance Company*, 2 Id., 171.

IV. A clause in a policy of insurance requiring the insured to give the underwriters notice of subsequent insurances does not render it necessary for the assured, in order to recover on his policy, to give notice of subsequent policies which are void for breach of warranty. *Jackson* v. *Massachusetts Mutual Insurance Company*, 23 Pick., 423; *Stacy* v. *Franklin Insurance Company*, 2 Watts & S., 544; *Schenck* v. *Mercer County Mutual Insurance Company*, 4 Zab., 454; *Philbrook* v. *New England Insurance Company*, 5 Mo., 145; *Jackson* v. *The Farmers' Insurance Company*, 5 Gray; *Clark* v. *New England Fire Insurance Company*, 6 Cush., 347; *Forbrush* v. *The Western Massachusetts Insurance Company*, 4 Gray, 337.

The counsel for the appellant, in reply to the first proposition, cited *Hogan* v. *Birch*, 8 Iowa, 312; *Dyson* v. *Ream*, 9 Id., 52; *Parker* v. *Hendrie*, 3 Id., 264; *Walters* v. *Washington Insurance Company*, 1 Id., 404; *Hutchinson* v. *Langster*, 4 G. Greene, 340; *Bentley* v. *Buslard*, 16 B. Monr., 686; *Brazill* v. *Isham*, 2 Ker., 9; *Catlin* v. *Gunter*, 1 Duer, 266; *Gravey* v. *Fowler*, 4 Sand., 666; *Seeley* v. *Engell*, 17 Barb., 537; *Insurance Company* v. *Woodruff*, 2 Dutcher, 541; *McKyring* v. *Bull*, 16 New York, 297. To the second proposition, *Walters* v. *Washington Insurance Company*, supra; *Field* v. *Mayor*, &c., 2 Seld., 179–189. To the third proposition: 1. If the conditions are regarded as warranties, then the law estops him from denying the truth of such warrantees according to their express terms. *Frost* v. *The Saratoga Mutual Insurance Company*, 5 Denio, 154, and the

cases there cited; 2 Smith's L. C., 460; 4 Gray, 440; *Roe* v. *Jerome*, 18 Conn., 138; *Foster* v. *Newland*, 21 Wend., 94; *Petrie* v. *Feeter*, Id., 173; 1 Greenl. Ev., § 207; *Hill* v. *Reed*, 16 Barb., 387; 4 Kent, 261, notes *d* and 1–2. If they are conditions merely, and not warranties, the failure to comply with them at the time, was merely an innocent concealment. *The State* v. *Richman*, 6 Foster, 232; *Atlantic Insurance Company* v. *Goodale*, 35 N. H., 328; *Smith* v. *Saxton*, 6 Pick., 483; *Carpenter* v. *Providence Mutual Insurance Company*, 16 Pet., 495; *Clark* v. *New England Fire Insurance Company*, 6 Cush., 645; *Frost* v. *The Saratoga Mutual Insurance Company*, 5 Denio, 154; *Hale* v. *The Union Fire Insurance Company*, 32 N. H., 295; *Westlake* v. *St. Lawrence Mutual Insurance Company*, 14 Barb., 212; Bouvier's Law Dict., " Waiver."

BALDWIN, C. J.—The policy upon which the plaintiff seeks to recover was issued upon the 12th day of May, 1857, and insured the assignor of plaintiff, for one year, in the sum of $4,000, upon a five-story brick block used as a hotel, and situated in the city of Dubuque. The policy was assigned to plaintiff upon the 20th day of October, 1857, at which time the plaintiff purchased the property insured—valued at $103,000. The building was destroyed by fire on the 22d day of January, 1858. A condition was inserted in the policy which reads as follows : " That if the said assured, or his assigns, shall hereafter make any other insurance on the same property, and shall not, with all reasonable diligence, give notice thereof to this company, and have the same indorsed on this instrument, or otherwise acknowledged by them in writing, this policy shall cease and be of no further effect." It is claimed by the defendants that they are not liable upon their contract of insurance, as the plaintiff violated this condition of the policy. It appears from the evidence that the plaintiff,

upon the 6th day of November, 1857, obtained policies of insurance upon said property, in the Charter Oak Insurance Company in the sum of $5,000 ; in the Phœnix, of Brooklyn, in the sum of $2,500 ; and in the Massasoit, in the sum of $2,500 ; and of which the defendants were not notified. It is claimed by the plaintiff, that these subsequent contracts of insurance were void, for the reason that there was a condition annexed to each of said policies, which required that where the interest of the assured was a leasehold interest it should be so expressed in the policy, otherwise the insurance should be void ; that the interest of the plaintiff was a leasehold interest; that it was not so stated in the said policies ; that each was therefore void, and being void, the plaintiff was not required to give any notice of their insurance to defendant. Under this issue, upon a trial, there was a judgment for plaintiff, and the defendant appeals.

The errors assigned are based upon instructions given by the court on its own motion, and the refusal to give those asked by defendant.

The first instruction given by the court, is as follows : "If you find that there was no notice to the defendant of the subsequent insurances, you will then come to the question whether the last policies of insurance were void, for if they were, the plaintiff is entitled to recover, and in this it matters not whether notice was given or not."

In directing the jury in reference to the subsequent policies, the court said : "A stipulation or agreement in the policy is a warranty, and every warranty must be strictly complied with. A warranty is equally effectual if written upon a separate paper but referred to in the policy itself as a warranty, and the direct asseveration of a fact may constitute a warranty."

The court further instructed the jury : "that a second policy which is void does not vacate the first, and the fact that the company who issued the second policy paid the

amount insured, is of no consequence in the question here involved, if the payments were made upon a policy clearly void."

Several instructions were asked by the defendant and refused by the court. Among others the following: "The said several insurance companies had a right to waive the failure of David to state his interest in the property insured; and if they did waive it, the said contracts of insurance were valid.

"The plaintiff having received the amount of said policies, cannot, in this action, deny their validity.

"If the jury believe from the evidence that the plaintiff has attempted to procure and has procured subsequent insurances on said property, and received payment for his loss by virtue thereof as appears from said policies in evidence, then he has forfeited his contract with defendant, and the jury must so find for the defendant.

"These were voidable, and not void, and the said Insurance Companies could affirm them and waive all objection, and having paid the insurance in full, and the same having been accepted by the plaintiff, he cannot now avoid it, unless he alleges and proves fraud or mistake in the transaction, to his injury or prejudice."

The subsequent policies, or copies thereof, do not appear in the record. The agent of the several companies who issued the same testified that each policy contained the following, as one of the conditions of the insurance: "If the interest in the property to be insured be a leasehold interest or other interest not absolute, it must be so represented to the company, and expressed in the policy, otherwise the insurance shall be void."

The record shows that "it was not proved nor was it claimed that the interest of the assured was expressed in either of said policies of insurance." The testimony of the agent shows, however, that the assured represented

himself as the owner of said property. The plaintiff, upon the trial, introduced evidence tending to prove the interest of the insured but a leasehold interest, and not absolute, as represented in the subsequent policies. It appears from this evidence that the plaintiff had a lease upon the lot upon which the building insured was located; that the lease was to continue for twenty years, and at the expiration thereof, in addition to the annual rent reserved, the lessee was to leave a two-story brick building remaining on said premises. The building insured was built and owned by the plaintiff, at the time of the issuance of the policy by the defendant.

It is true the interest of the plaintiff in the lot was but a leasehold right, but we are not prepared to say that the building insured was not absolutely the property of plaintiff. The lessee was not required by the terms of the lease to leave such a building as the one insured upon the lot at the expiration of the lease. Was it not, therefore, until the expiration of the twenty years, fully and unconditionally the property of the insured? If the plaintiff, therefore, did not misrepresent his true interest in the property insured when he stated it was absolute, there was no violation of the conditions of the policies, and they were not void.

We do not, however, place our conclusions as to the rights of the parties upon this position alone. The jury, however, must have determined that the true interest of the plaintiff was but a leasehold interest, and that the plaintiff, having failed to have this interest truly stated in the policies, could not recover, and placed their verdict upon the ground that each of said policies was absolutely void.

Upon the supposition that the interest of the assured was but a leasehold interest, were these policies void? It must be conceded that upon their face they were each valid subsisting contracts. They were applied for by the plain-

tiff, and issued by the underwriters in good faith, and with the full understanding that if there should be a loss by fire, the insured was entitled to recover. How, then, could these policies be declared void? We can conceive of no manner in which they could be so held, except by the introduction of extrinsic facts, such as would render it evident that the plaintiff had wilfully and fraudulently concealed his true interest in the building insured, and had done this in violation of the terms of the several policies. This could be done only at the instance of the underwriters, in a suit upon the policies, as the conditions inserted are for their benefit, and not that of the assured. Suppose that the underwriters had refused, after the fire, to pay, and the plaintiff had brought his action to compel them to do so; and suppose, further, that the defendants had set up as a defense the fact that plaintiff had failed to have it stated in the policies that his interest was a leasehold interest, and it should be made to appear that his interest was not absolute, as represented in the policy,— would this defense, if established, bar the plaintiff from a recovery? The plaintiff could have suggested many considerations in reply to this defense. Suppose, for instance, that it could be shown that it was the fault of the underwriters, and not that of the plaintiff, that this interest was not truly stated? Suppose that the insurance had been effected without asking the plaintiff to state what his true interest was? Or, suppose that the underwriters had waived this misrepresentation of the true interest of the assured, and after the policies had issued, agreed to pay in case of a fire? If either of these facts had been established, the plaintiff could have recovered. If so, the policies were not void. We also think that the fact that these several policies were regarded as binding by the insurers, and the losses of plaintiff paid, is a strong presumption, at least, that the policies were not void.

We, therefore, conclude that these policies were not void. It is true, they might have been avoided by insurers, but so far as the plaintiff was concerned, they were valid, and were so treated by both parties. The plaintiff effected an insurance, therefore, that proved to be an available one, and in doing so, without notice to defendants, he violated his contract with them to such an extent as to forfeit his right to recover.

The condition is inserted in defendant's policy, to protect the company from an over-insurance, without their knowledge. Where property is insured to such an extent that it would be to the interest of the insured that a fire should occur, the hazard is increased and the underwriters should know it. And even if the policies could have been avoided by the underwriters, it was the duty of the plaintiff to notify the defendants of his having effected what he supposed at the time, to be a valid insurance.

We readily conclude that the authorities are somewhat conflicting upon this question, but we believe the cases referred to as favoring the position we have assumed, are placed upon the better reasoning and the true principles of law.

The case of *Clark* v. *New England Mutual Fire Insurance Company*, 6 Cush., 342, cited by counsel for appellee, is entitled to great consideration, as being the one most similar in its character to the one now before us, made by an able bench, and in which the leading case in support of the opposite position, *Carpenter* v. *Providence Washington Insurance Company*, 16 Peters, 495, is reviewed, and the reasoning of Justice STORY is endeavored to be refuted. The defendants in this case (*Clark* v. *The New England Company*,) had a condition in their policy similar to that of defendants. The plaintiff, Clark, subsequent to the date of his policy, effected an insurance in the Bowditch Company upon the same premises, and without notice to defendants.

David v. The Hartford Insurance Company.

After making the policy declared on, Clark mortgaged the premises to secure the payment of $400; and while the estate was thus incumbered, in the plaintiff's application to the Bowditch Company for an insurance, in answer to this interrogatory, "state whether or not incumbered, and to what amount," replied, in writing, "none." Upon this application, containing this inquiry and answer, the policy of the Bowditch Company was issued.

The court in their opinion, say: " But the question is, was any other insurance obtained, within the just and true import of the section of the act before recited ? The policy was issued by the Bowditch Company upon an application by the plaintiff, in which it was distinctly and expressly stated that there was no incumbrance upon the premises insured, when, in fact, there was a mortgage thereon for about $400. The existence of this mortgage was certainly a material and important fact, not only in regard to the lien of the insurers upon the property, but also as to the ability and responsibility of the insured as to his interest and estate in the premises, and in other respects. But when the insurers desire a fact material, and make an express and direct inquiry as to that fact, it is material that the insured should answer that fact correctly. It is perfectly clear, therefore, that the Bowditch policy was issued upon a material misrepresentation of the insured in his application, and that the plaintiff could maintain no action upon it against that company. *It is an invalid and useless policy.* The defendants now say that their policy is void, because the plaintiff obtained other insurance without giving them notice. But it does not appear, in point of fact, that the plaintiff did obtain other insurance. The plaintiff, it is true, had obtained a policy, but it was not binding in law, and could not be enforced. It was not an insurance, as manifestly understood by the defendants themselves, when they made their policy."

David v. The Hartford Insurance Company.

Let us see how far this case is analogous to the one before us. The Bowditch Company was a Mutual Insurance Company, we suppose, as the court speaks of the existence of the mortgage as a material fact, not only in regard to the lien of the *insurers upon the property*, but of the responsibility of the assured. It was more important to the validity and to the interest of the company that the true interest of plaintiff assured should be disclosed. The assured was directly asked to state the incumbrances, and he replied that there were none. This statement is made a part of the policy. A fraud was, therefore, perpetrated in obtaining the policy. The Bowditch Company never waived this objection to the assured's right of recovery, and did not pay any loss to the plaintiff in that case. There was no double insurance obtained in that case, and the defendants could not claim that they were liable to pay only ratably.

Was the plaintiff in this case asked to disclose the interest he had in the property insured? Did he obtain the insurances upon any false representations? Was it not an available insurance to him? Did it prove to be really and in fact no insurance? Were not his subsequent policies binding, and could they not be enforced? The answers to these inquiries are disclosed by the record, and show the distinction between the two cases. The case of *Jackson* v. *The Massachusetts Mutual Fire Insurance Company*, 23 Pick., 418; and *Stacy* v. *Franklin Insurance Company*, 2 W. & S., 506, are cited by the court in their opinion in the above case as authority for its conclusions, and each is relied upon by the counsel for the appellee in their argument. None of the cases referred to that we have been able to examine, support the ruling of the court more strongly than the case from 6 Cushing.

The case of *Carpenter* v. *Providence and Washington Insurance Company*, 16 Peters, 496, and *Bigler* v. *New York*

*Central Insurance Company*, New York Court of Appeals, are each cited by counsel for defendants in this case.

In the case of Carpenter, *supra*, STORY, J., in delivering the opinion of the court says, "The second instruction asked, proceeds upon the ground that although the policy of the 'American Insurance Company' was good upon its face, yet if in point of fact it was procured by material misrepresentation by the owners, of the cost and value of the premises insured, it was to be deemed utterly null and void, and therefore as a null and void policy, notice thereof need not have been given to the Washington Insurance Company at the time of the underwriting the policy declared on. The court refused to give the instruction, and, on the contrary, instructed the jury, that if the policy of the American Insurance Company was at the time when that at the Washington Insurance Office was made, treated by all the parties thereto as a subsisting and valid policy, and had never in fact been avoided, but was still held by the assured as valid, then that notice thereof ought to have been given to the Washington Insurance Company, and if it was not, the policy declared on was void. We are of the opinion that the instruction as asked was properly refused, and that given was correct. It is not true that because a policy is procured by misrepresentation of material facts, it is therefore to be treated in the sense of the law as utterly void *ab initio*. It is merely voidable, and may be avoided by the underwriters upon the proof of the facts; but until so avoided, it must be treated for all practical purposes, as a subsisting policy. * * * * * But the question is not how the policy may now be treated by the parties, but how was it treated by them at the time when the policy declared on was made. It was then a subsisting policy, treated by all the parties as valid, and supposed by the underwriters to be so. * * * * * * And it may be well doubted whether a party to a policy can be allowed

to set up his own misrepresentations to avoid the obligations deducible from his own contract. Be this as it may, it is in our judgment free from all reasonable doubt, that notice of a voidable policy must be given to the underwriters, for such a case falls within the meaning of the stipulations in the policy. It is a prior policy, and has a legal existence until avoided. Indeed, we are not prepared to say that the court might not have gone further, and have held that a policy existing and in the hands of the insured, and not utterly void upon its face, without any reference whatever to extrinsic facts, should have been notified to the underwriters, even though by proofs afforded by such extrinsic facts it might be held in its very origin and concoction a nullity."

This policy of the existence of which the court thus held that notice should have been given to the underwriters, was obtained through false representations, and was held to be utterly void. 1 Story, 57.

In the present case there is nothing to show that the policies were void on their face, and the extrinsic evidence fails to show that they were obtained by any false representations, or that the underwriters had ever taken any steps to avoid them. They were treated by the parties when made as valid subsisting policies, and then and afterwards treated by the underwriters as such.

The case of *Bigler* v. *The New York Central Insurance Company, supra,* is of recent authority, and the facts stated show the case to be very much like the one now before us. The plaintiff in that case having been insured in the New York Central Company, the policy containing the same conditions as in that of defendant in this case, subsequently effected an insurance in the Globe Insurance Company upon the same property, in which there was a condition that if the insured had already any other insurance not notified to the said Globe Company, and indorsed upon

their policy, it was to be void. The court in their opinion by DAVIES, J., say: "The plaintiffs to enable them to maintain their action against these defendants, now take the ground, that in fraud of this agreement with the Globe Company they concealed from them the fact of the prior insurance with defendants, and that such concealment rendered the Globe policy void. They say, therefore, they had no further or other insurance on the same property, and had not violated their agreement in that regard with these defendants. In assuming this position, they overlook the fact that this agreement or stipulation was made for the benefit of the Globe Company, and that it was competent for that company to waive it. It would appear that in the suit brought by these plaintiffs against that company, its liability on the policy was acknowledged, and a draft given to pay the amount of the loss. Both parties to the policy therefore treated it as a valid, subsisting instrument, and it will not answer for these plaintiffs now to shift their ground, and set up that this policy is void, and was so from the time it was issued, by reason of their fraudulent concealment of the fact of their prior insurance. But the agreement between the parties to this action was, that the policy of defendants was to cease and be of no further effect if the plaintiffs thereafter should make any *other insurance* upon the same property, &c. It was the act of making another insurance which was to vitiate and render null the defendant's policy. We think it no answer for plaintiffs to make to allege that the other insurance might legally have been resisted and avoided. This was not what the parties had agreed to. * * * * We are not at liberty to make a new contract for the parties, but to inquire whether the one that was made has been violated."

The court in this case refer to and adopt the views of STORY, Justice, in the case of *Carpenter* v. *Washington Insu-*

*rance Company*, and review some of the cases cited in support of the position of appellee. In referring to the case of *Philbrook* v. *The New England Mutual Fire Insurance Company*, cited by the counsel for appellee. Justice DAVIES says: "In that case the underwriters of the second policy paid the amount of the loss, thus directly affirming the policy, and admitting their liability on it. Yet the court say, the fact that the company who issued the second policy paid the amount insured is of no consequence in the question here involved, if the payment was made on a policy clearly void. Whether or not the policy was void, depended on the action of the underwriters. It was competent for them to waive, at any time, the forfeiture incurred by reason of the omission to give notice of a prior insurance, or of any fraud or misrepresentation existing at the time of the issuing of the policy. This waiver could as well be made after loss as before, and payment of the loss is the best evidence that the underwriters of the second policy did in fact make the waiver. It was therefore a case where both parties treated the policy as valid and subsisting; the insured by making the claim for the loss under the policy, and the underwriters by admitting their liability, and making payment. That policy was treated by the parties as a valid and legal policy, and effectual and binding upon the assurers. It came, therefore, directly within the class of policies referred to by the Supreme Court of Massachusetts in the case in 23 Pick., and was in this view a second insurance. We adopt the language of the court in that case, and agree with them that such second insurance would annul the previous policy."

The case of *Jacobs* v. *The Equitable Insurance Company*, see 19th Upper Canada Reports, is an analogous case, and strongly supports the view we have taken of this question.

It is claimed by counsel for appellee that the ruling of this court in the case of *Hygum* v. *The Ætna Insurance*

*Company*, 11 Iowa, 21, is favorable to the ruling of the court below. We do not regard our conclusions in this case as in conflict with that decision. The Dubuque company, in that case, denied the validity of their policy, and did not waive the violation of its conditions. This alone, if in no other respect, shows that the cases are dissimilar.

The instructions asked by counsel for defendants, so far as they are consistent with this opinion, should have been given. The court erred in its instruction to the jury.

Reversed.