Sexton and others *vs.* The Montgomery County Mu-
tual Insurance Company.

A party insured against loss by fire, attempted to comply with the conditions
of the policy, in respect to the preliminary proofs, by making and serving
upon the insurers his own affidavit of the loss.   The insurers subsequently,
without notifying him that his affidavit was insufficient, made an investiga-
tion of the circumstances attending the loss, and took affidavits to satisfy
themselves; which affidavits were delivered to an agent of the insurers,
within the time limited for making preliminary proof.   *Held* that the jury
might find that the delivery of the additional affidavits to the agent was a
delivery to the insurers, and that the proof thus made was a substantial
compliance with the terms of the contract.

Preliminary proofs, although admissible as evidence, in an action upon the
policy, are not evidence on the question of the amount of damages, unless
they are made so, by the terms of the policy.

Where a policy of insurance requires that in case of any prior and existing in-
surance upon the same property, notice thereof shall be given to the com-
pany, notice to an agent authorized to make surveys and receive applica-
tions for insurance, and to receive the moneys paid by the insured, is suffi-
cient.   Such notice need not be in writing.

Where by the conditions annexed to a policy it is provided that " in all cases
the insured will be bound by the application, for the purpose of taking
which the surveyor will be deemed the agent of the applicant as well as of
the company," the surveyor is the agent of the applicant, and the applicant
will be affected by any omission of such agent in describing the property
insured.

Where in the application to an insurance company for insurance on *personal prop-
erty,* which application was annexed to the policy issued, and was referred to
therein, and made a part thereof, opposite to the usual printed inquiries,
" where situated, of what materials and size of building, &c. and relative
situation as to other buildings, distance from each if less than ten rods,"
&c. was written a description of several buildings standing within ten rods
of the one in which the goods insured were, but several other buildings
within that distance were not mentioned;  *Held* that had this been an insur-
ance upon *buildings* the statement in the application, as to distance from
other buildings, would have been a warranty; and that if a different rule
prevails in respect to *personal property,* in any case, such rule can not apply
where personal property *only* is insured.

Where it is one of the conditions of a policy of insurance that in case of any

misrepresentation or concealment on the part of the assured, the insurance shall be void, and in an action upon such policy the defendants alledge concealment of a material fact by the assured, the question of concealment, and its materiality, should be submitted to the jury.

ASSUMPSIT on a policy of insurance against loss by fire. The cause was tried the second time, at the Fulton circuit in November, 1843, before CUSHMAN, circuit judge.  The property insured was goods, mittens, gloves and moccasins, described in the policy as being contained " in a. building belonging to Sidney Mills, reference being had to the application" of the insured " for a more particular description, and as forming a part of this policy."  The policy contained a provision that in case the assured should have already made any other insurances on the property insured, not notified to the defendants, the policy should be void and of no effect.  The following were among the *conditions* annexed to the policy.  " Conditions of insurance. All applications for insurance must be made in writing, according to the printed forms prepared by the company.  Applications may be made out by the applicant or by an agent, and in all cases the insured will be bound by the application, for the purpose of taking which the surveyor will be deemed the agent of the applicant as well as of the company."  " If any person insuring any property in this company shall make any misrepresentation or concealment, in the application, or if after the insurance is effected, the risk of the property shall be increased by any means within the control of the assured, or if the building or premises shall be occupied in any way so as to render the risk more hazardous than at the time of insuring and not specified in the application, or duly notified to the company, such insurance shall be void."

In case of loss or damage by fire, the assured were required forthwith to give notice thereof to the secretary, and within thirty days after the loss, to deliver in a particular account of the loss or damage, signed with their hands and verified by their oath or affirmation, &c.  And any misrepresentation or concealment, or fraud or false swearing, in. any statement or affidavit in relation to said loss or damage was to forfeit all claim by virtue of

Sexton *v.* Montgomery Co. Mutual Ins. Co.

the policy, and to be a full bar to all remedies upon the same. It was stipulated that losses were to be paid within three months after the losses should have been ascertained and proved, and the statements made as above. The defendants pleaded the general issue, and gave notice that at the time of executing the policy by them, the plaintiffs had an insurance of $1500 on the same property in the Saratoga County Mutual Insurance Company, which was then in full force and effect, and which continued in full force and effect until after the property was destroyed by fire, and that they gave no notice of such insurance to the defendants. Also that the fire by which the property was destroyed was caused by the wrongful acts of the plaintiffs, and that the plaintiffs, or some or one of them, designedly and fraudulently set said fire, or procured the same to be done, with intent to defraud the defendants.

On the trial the plaintiffs gave in evidence the policy of insurance, dated July 10, 1839, and the application made by them for insurance, and the note given for the premium. They also proved the loss of the property insured, on the night of the 8th of August, 1839. They then called as a witness Sylvanus Wilcox, who testified that he was appointed the agent of the defendants in 1839, and continued such until June, 1840. That his appointment was in writing; and it was produced and read in evidence. It certified that Wilcox had been " duly appointed by the directors of the Montgomery County Mutual Insurance Company an agent to make surveys and receive applications for insurance against fire, in said company;" that he had given security for faithful performance of his duties as such agent, and the paying over and accounting for all moneys received by him belonging to the company, and had the confidence of the directors. It was admitted by the plaintiffs that before and at the time of making said application, they were insured on all the property covered by the said policy, in the Saratoga County Mutual Insurance Company, to the amount of fifteen hundred dollars. The said Sylvanus Wilcox testified for the plaintiffs, that he received the said application, and that he filled out the amount in the premium note and in the application, and they

were then signed by the plaintiffs; that at the same time he received 5 per cent in cash upon said premium note, being $8,25, and fees $1,50.   The counsel for the plaintiffs then offered to prove by said Wilcox that at the time he received said applicacation, the plaintiffs verbally notified him of a prior insurance in the Saratoga County Mutual Insurance Company.   To the admission of this evidence the counsel for the defendants objected, on the ground that parol evidence could not be given to add to, explain, modify or vary the terms of the written contract between the parties, and it was insisted by the counsel for the defendants that notice of all prior insurance being required by the terms of the policy, such notice would and did, if given, form a part of the contract, and that therefore parol evidence of the notice could not be admitted.   The counsel for the defendants also objected to the evidence, on the ground that notice to the agent who was acting under the said written appointment, which the defendants' counsel insisted specified and limited his powers to the taking of applications, was not notice to the corporation. That it should have been set forth in the plaintiffs' application, or at least that it should have been in writing and served upon the defendants at their office; or at all events that it should have been brought home in some form to the proper officers of the defendants.   These objections were all overruled by the judge and the evidence admitted; whereupon the counsel for the defendants excepted.   Wilcox then testified that James K. Sexton, one of the plaintiffs, did at the time said application was made, verbally inform him of a prior insurance in the Saratoga Company.   Witness further stated that he was not requested to and did not communicate the information of a prior insurance to the defendants, and he thought that Sexton stated the amount of the prior insurance at fifteen hundred dollars, but was not positive as to the amount he named.   That when money was paid him upon applications he always gave the applicant a receipt, for which he used a printed blank furnished him by the defendants; that the receipt certified that the applicant had made application to the Montgomery County Mutual Insurance Company for insurance to the amount specified in the application; that he had given

Sexton *v.* Montgomery Co. Mutual Ins. Co.

his premium note for the amount of the premium according to the rate, and had paid upon the same 5 per cent and $1,50 for a survey and policy, and that he would be insured upon the property for five years if the directors of the company approved of the application. The plaintiffs then proved the service upon the defendants on the 24th day of August, 1839, of an inventory or account of goods claimed to have been destroyed by fire, amounting in the aggregate to the sum of $2951,97, to which was subjoined a claim of $100 for mittens, gloves and moccasins, in the following words : " Lot of mittens, gloves and moc. $100."

To the said inventory or account was annexed an affidavit made on the 23d of August, 1839, by James K. Sexton, one of the plaintiffs, in the following words : " Fulton County, ss.   James K. Sexton of Gloversville, in said county, being duly sworn, says that the foregoing inventory of property destroyed by fire on the night of the eighth of August, instant, belonging to Sexton, McEwen & Co. was prepared by himself, and that it is true in substance and as nearly as may be estimated.   This deponent is one of the firm of Sexton, McEwen & Co. of Gloversville.   This deponent says that the only probable source from which the fire could have caught was from a lamp in the store."   The plaintiffs then offered to show, as a part of the preliminary proofs, the making of three other affidavits, one by said James K. Sexton, one by John D. McEwen, and the other by William Sexton, all of which were sworn to on the 5th of September, 1839, and on that day received by Nicholas Ritter, an agent of the defendants.   The counsel for the defendants objected to the proof, on the ground that the said affidavits had been taken and procured *in behalf of the defendants*, in an investigation directed by them of the circumstances attending the loss.   That the plaintiffs had not furnished them to the defendants, and had therefore no right to compel their introduction ; and that they could not form any part of the preliminary proofs required by the conditions attached to said policy.   The judge overruled the objection and allowed the proof to be given ; to which the defendants excepted.   These affidavits were then read in evidence.   It was proved they were delivered to N. Ritter, an agent of the company, about the 5th

of September, 1839. The plaintiffs proved the loss, and the value of the goods, and rested. The counsel for the defendants then moved that the plaintiffs be nonsuited, upon the grounds that the verbal notice of a prior insurance, given to the surveyor, whose authority or agency was shown to have been special, and limited to the receiving of applications and the premium thereon, was not notice to the corporation, within the meaning of the policy; that it should have formed a part of the plaintiff's written application, or at least that it should have been in writing and served upon the defendants at their office; or at all events that it should have been brought home in some form to the proper officers of the defendants; and that the notice proved was bad, inasmuch it did not state the amount of the said prior insurance. The court refused to grant a nonsuit upon these grounds, and the defendants thereupon excepted. The counsel for the defendants also moved for a nonsuit, on the ground that the plaintiffs had not shown a compliance with the conditions attached to said policy in regard to the service of preliminary proofs, and it was insisted by the said counsel in support of the motion, that the affidavit of James K. Sexton attached to said inventory of goods, and served upon the defendants on the 24th of August, 1839, was not of itself a compliance with the conditions, inasmuch as it did not state whether any and what other insurance had been made on the same property, nor whether, since the time of effecting said insurance, the risk had been increased by any means whatever. And it was further insisted in support of said motion, that the said affidavits of James K. Sexton, John D. McEwen and William Sexton, sworn to on the 5th day of September, 1839, if a part of the preliminary proofs at all, were not served in time; that said conditions required that the sworn statement constituting the preliminary proofs should be delivered in at the office of the defendants within thirty days after the loss, and that as the said last mentioned affidavits, without which the preliminary proofs were defective and insufficient, were not delivered at the office of the defendants before the 8th, 9th or 10th of September, 1839, their service or delivery on either of those days was not a compliance with said condi-

tions. His Honor, the Circuit Judge, then decided that whether the said last mentioned affidavits were served upon the defendants as required by said conditions within the thirty days after the loss, was a question of fact for the jury to determine, and that they had a right to infer that as the fire happened on the night of the 8th of August, as late as ten o'clock, it extended or continued into the 9th of August; and that if such should be their inference, the affidavits were delivered in time to be a full compliance with said conditions; and the said judge refused to grant the motion for a nonsuit; and the counsel for the defendants excepted.

The defendants then entered upon the defense and called as a witness Robert Robinson, by whom they offered to show that he had made a survey of the premises where the plaintiffs' store stood, before the fire, and that there were several other buildings within ten rods of said store besides those mentioned in the plaintiffs' said written application for insurance, and that those several other buildings were there and within ten rods of said store before and at the time when said application was made, and so remained until that time. The counsel for the plaintiffs objected to the testimony as being immaterial and incompetent, but the court overruled the objection and allowed the introduction of the evidence; whereupon the counsel for the plaintiffs excepted. The witness then testified that he knew where the said plaintiffs' store which was burned stood, and that he had lately made a survey of the premises and ascertained the distances from said store of all the buildings within ten rods of the same. That besides the buildings named in the plaintiffs' application there was a wood house, distant from said store northerly, 151 feet, which said wood house was joined on the north to a dwelling occupied by Mr. Churchill, and also an old store, southeasterly from said store, 118 feet; also a dwelling house belonging to Mr. Haggard, south of said old store and 162 feet from plaintiffs' said store; also a barn belong to Mr. Churchill, 106 feet west of north from the plaintiffs' store; also a barn belonging to Mr. Shotenkirk, 135 feet northwesterly from said store; also a building belonging to Mr. Burr and occupied for shops, 158

feet southerly from said store. That the said buildings were all of them there and located with reference to the plaintiffs' store and as he had described them, as long ago as June, 1839, and prior to that time, and that besides them the buildings mentioned in the plaintiffs' application were also there and located as described in said application. The defendants then called Lester Wilcox, a witness sworn for the plaintiffs, who testified that he was the secretary of the defendants. That the plaintiffs' application was received by him at the office of the company in Canajoharie, through the mail, on or about the first of July, 1839, that it was post marked as having been mailed at Fultonville on the 27th or 29th of June, 1839. That the directors of the company alone had authority to approve or reject applications for insurance, and that the date and number in the premium note were not inserted by the agent who received the application, but by the witness as secretary, after the application was approved by the directors, and that the policy was dated and ran from the time of the approval of the application, and not from the time it was received by the agent.

The plaintiffs then recalled Sylvanus Wilcox, and offered to show by him that he made the survey and filled up the plaintiffs' application. To this evidence the counsel for the defendants objected, upon the ground that it was wholly immaterial who made the survey or filled up the application afterwards signed by the plaintiffs. And it was insisted by the counsel for the defendants that under the conditions of insurance attached to said policy, the said Sylvanus Wilcox was wholly the agent of the plaintiffs in filling up the application. That the plaintiffs were bound by their application, whoever prepared it for execution; and that their mentioning in it certain buildings within ten rods of the store and not mentioning other buildings within the same distance, was a warranty that there were no others within that distance; and further, that it was such a concealment or misrepresentation, in the application, as by the terms of said conditions rendered the policy void and of no effect; and that under the proof as it then stood, it was the duty of the court to instruct the jury to find a verdict for the defendants. The court overruled the objections, and held that if the application was

Sexton *v.* Montgomery Co. Mutual Ins. Co.

filled up by the said Wilcox after he had made the survey, act-
ing under his appointment to receive applications and make sur-
veys, the plaintiffs were not responsible for what it did or did
not contain, and that they could not be affected by any omis-
sions, misrepresentations or concealments made by the agent of
the company, and the court refused to instruct the jury to find
a verdict for the defendants, and admitted the evidence, and the
counsel for the defendants excepted.   The said Sylvanus Wil-
cox then testified that he and the said James K. Sexton, one of
the plaintiffs, made the survey together, and that he then filled
up the application, by the direction of the said Sexton.   That
Sexton was present when witness filled up the application.   That
Sexton signed it for the plaintiffs.   The witness did not recol-
lect what distances were measured, nor whether they measured
all that was deemed material; that he was not requested by the
plaintiffs to leave anything out, nor to insert anything more than
was inserted.   That Sexton then paid him the 5 per cent and
fees; that the fees belonged to the witness for his services, and
he accounted to the defendants for the 5 per cent only; and that
the defendants paid him no compensation whatever in any case.
The jury found a verdict for the plaintiffs for $1406,00.   And
the defendants, on a bill of exceptions, moved for a new trial.

*D. McMartin,* for the plaintiffs.

*N. Hill, Jr.* for the defendants.

*By the Court,* HAND, J.   I am inclined to the opinion that
the objection in relation to the preliminary proofs, is not tena-
ble.   An attempt was made to comply with the contract of in-
surance in this respect, and afterwards, the defendants, without
notifying the plaintiffs that Sexton's affidavit was insufficient,
made an examination and pursued the inquiry to satisfy them-
selves.   The jury might have found this to be a substantial
compliance with the terms of the contract, and it would now be
unjust to disregard all this, particularly after the jury have said

---

Sexton *v.* Montgomery Co. Mutual. Ins. Co.

---

the delivery of the additional affidavits to Ritter was a delivery to the defendants.

The " conditions" attached to the policy contain this clause: " Payment of losses will be made within three months after the loss shall have been ascertained and proved and the statements made as above." The circuit judge decided that the preliminary proofs were evidence to the jury on the question of the amount of damages. They were no doubt admissible evidence in the cause, but not on this point, unless made so by the contract. The contract, I think, has not made them so. The defendants had a right to require them to aid in a mutual adjustment of the matter, but it is not stipulated that in case of litigation, they shall be evidence generally on the trial. On this point I think the judge erred.

Another objection is made, that no notice was given of a prior and existing insurance on the same property. The application must be in writing, and the surveyor is declared for this purpose to be the agent of the insured; but it is not declared that he can not be the agent of the company for other purposes. Here notice of a prior insurance was given to Wilcox. Wilcox's appointment declared him authorized to make surveys and receive applications to the defendants to insure, and receive the money paid on effecting an insurance; and it further states that he has the confidence of the directors. If the jury found him agent for this purpose, which I think they were authorized to do, the notice was sufficient. (*Cowen & Hill's Notes*, 1198. 15 *Wend.* 425. 3 *Denio*, 244. 7 *Hill*, 91.)

On the points of warranty and concealment there is more difficulty. In *Trench* v. *The Chenango Co. Mu. Ins. Co.* (7 *Hill*, ·122,) the " conditions" required the application to state the distance of the buildings insured from building within ten rods of it. That clause is not in the condition annexed to this policy. But the application is made part of the policy. The language is, " reference being had to the application of said" plaintiffs " for a more particular description and as forming a part of this policy." (*And see Burritt* v. *Sar. Co. Mu. Ins. Co.* 5 *Hill*, 190; *Jennings* v. *Chenango Co. Mu. Ins. Co.* 2 *Denio*, 82;

*Frost* v. *Saratoga Mu. Ins. Co., M. S. Opinion of Beardsley, J.*) notwithstanding too what was said in 7 Hill, 124. In this application, opposite to the usual printed inquiries—"where situated, of what materials and size of buildings, &c. and relative situation as to other buildings, distance from each, if less than ten rods, and for what purpose occupied and by whom," is written: "In Johnstown, Fulton county, owned by applicants and contained in a wooden building belonging to Sidney Mills. It containes one chimney, and one stove, pipe from stove passes through chamber floor by means of a stone tube, and enters chimney horizontally in brick. Ashes are taken up and cooled in metallic dishes. Bounded north 36 feet by a dwelling, east by space, south 70 feet to a shed, southeast 50 feet by a dwelling belonging to Mrs. S. Mills. Ins. Mont. Co. Co. west 6 feet by a shed which is bounded west by space." Several other buildings however in fact, were within ten rods of this building, in which the goods insured were. The circuit judge, on this point, held that if the application was filled up by Wilcox after he had made the survey, acting under his appointment to receive applications and make surveys, the plaintiffs were not responsible for what it did not contain, and that they could not be affected by any omissions, misrepresentations or concealments made by the agent of the company, and refused to instruct the jury to find a verdict for the defendants. To this decision the defendants' counsel excepted. The "conditions" in this case were not referred to in express terms, but are annexed to the policy, which is the same thing. (*Roberts* v. *Chenango Co. Mu. Ins. Co.* 3 *Hill*, 501. *Frost* v. *Saratoga Mu. Ins. Co. supra.*) The conditions here state that "in all cases the insured will be bound by the application, for the purpose of taking which the surveyor will be deemed the agent of the applicant as well as of the company." It is difficult to see how the plaintiffs were not affected by any omission of Wilcox under this stipulation. (*Jennings* v. *Chenango Co. Mu. Ins. Co.* 2 *Denio*, 75.) He was the agent of both parties. But the application was the act of the plaintiffs, and I think there can be no doubt but that had this been an insurance on real estate, the statement as to the distance of the

buildings would have been a warranty. (*Trench* v. *Chenango Co. Mu. Ins. Co. supra, and cases there cited. Frost* v. *Sara. Co. Mu. Ins. Co. supra.*) But it is said that the rule is different in case of personal property. (*Beardsley, J. in Trench* v. *Chenango Co. Mu. Ins. Co. supra.*) If this be law, I doubt very much whether it is applicable where personal property only is insured, and the statement respecting other buildings within ten rods can only refer to those within ten rods of that in which the goods are kept. At all events, I think the question of concealment, and its materiality, should at least have been submitted to the jury. (*Burritt's case, supra, and Frost's case, supra.*) In this respect the circuit judge also committed an error. There must be a new trial.

New trial granted.

