## S. and J. BIGLER *vs.* THE NEW YORK CENTRAL INSURANCE COMPANY.

A policy of insurance upon a " steam saw-mill" covers not only the building itself, but all the machinery and fixtures therein, necessary to make it a steam saw-mill in all its parts.

Under a condition in a policy, requiring the assured to give notice to the insurers of any subsequent insurance which may be effected upon the same property, the assured is bound to give notice of a policy which is not void or voidable upon its face, but is merely voidable by the underwriters upon due proof of the facts.

If the assured retains the second policy until after the destruction of the property insured, and then brings an action upon it, thereby affirming its validity, which action is settled by the giving and accepting the notes of officers of the insurance company, which the insured still holds, he cannot treat the second insurance as void for the want of a compliance with one of its conditions, but is bound to give notice thereof; although the second policy be voidable if the insurers see fit to set up the defense.

MOTION by the plaintiff for judgment upon a verdict in his favor, at the circuit, subject to the opinion of the court, upon a case. The action was upon a policy of insurance.

*R. Balcom,* for the plaintiff.

*Geo. S. Tuckerman,* for the defendant.

*By the Court,* MASON, J. This case was tried before me at the Broome circuit in February last, and after hearing all the evidence in the case I directed a verdict for the plaintiff, subject to

the opinion of the court on a case to be made. I think this policy is broad enough to cover the machinery and fixtures in the mill. The insurance was for $1000, on the plaintiffs' steam saw-mill. The steam saw-mill embraces the whole thing—the whole mill, with its apparatus. It does not mean merely the building itself, but includes the whole machinery necessary to make it a steam saw-mill in all its parts. (10 *Barb.* 440. 2 *Hall's S. C. Rep.* 490. *Angell on Ins.* §§ 103, 104, 106.) The only remaining question in the case is whether the plaintiffs forfeited their insurance by procuring the subsequent insurance in the Globe Company. The contract of insurance in question contains the following condition : " And if the said insured or their assigns shall hereafter make any other insurance on the same property, and shall not with all reasonable diligence give notice thereof to the secretary, and have the same indorsed on this instrument, or otherwise acknowledged by the corporation, in writing, this policy shall cease and be of no further effect." There can be no question, upon this contract, that when the plaintiffs obtained further insurance upon this mill it was their duty to give notice thereof to the defendants, and either have the same indorsed on the policy or otherwise acknowledged by the defendants in writing. (5 *Hill,* 147. 14 *Barb.* 206. 16 *Peters' U. S. R.* 495, 512.) If the plaintiffs neglected to comply with this condition, the policy was by the very terms of the contract to cease and be of no further effect. The plaintiffs entirely failed upon the trial to show compliance with this condition of their policy. If any notice was ever sent to the defendants, which it seems to me the evidence fails to show, it was nothing more than a notice that the plaintiffs had made application to the Globe Company for an additional insurance. Whether they succeeded in procuring it they never communicated to the defendants. This certainly was no compliance with the condition of the plaintiffs' contract, and this is not a case where notice to Bishop will answer the condition of the policy. The plaintiffs have expressly agreed that in case they shall effect any other insurance on this property, and shall not with all reasonable diligence give notice thereof to the defendants' secretary, and have the same indorsed

&c., this policy shall cease and be of no further effect. This entitles the defendants to have notice given to their secretary. It is a part of the contract, and cannot be dispensed with by this court. The plaintiffs claim and insist, however, that the policy issued to them by the Globe Company was a void policy, and that consequently no notice of the same was required to be given to the defendants. It was shown upon the trial that the Globe Company had no notice of the existence of the defendants' policy until after the property was destroyed by fire. There was a clause in the Globe policy "that in case the assured shall have already any other insurance against loss by fire, on the property hereby insured, not notified to the company and mentioned in or *indorsed upon this policy, then this insurance shall be void, and of no effect.*" This clause undoubtedly relieved the Globe Company from liability on their contract of insurance. No action could be maintained upon it if they saw fit to set up the defense. The Globe policy was not void upon its face; but as soon as the fact was alleged and proved it relieved that company from any liability upon their contract. The real question, therefore, presented for our adjudication, is whether this policy in the Globe Company can be set up by the defendants to avoid their contract of insurance with the plaintiffs. In other words, whether an insurance that shall operate to avoid the defendants' policy under the clause to which we have adverted must not be a valid policy—one that is binding on the insurers. I have not been able to find any adjudged case in the courts of this state determining this question. The case of *Carpenter* v. *The Providence and Washington Ins. Co.,* (16 *Peters,* 49, 508, 9,) determines the question in favor of the defendants; and if that case is to be followed, the plaintiffs are not entitled to judgment upon their verdict. That case holds, that under such a condition in a contract of insurance, notice of subsequent void or voidable policies must be given to the underwriters, unless the policy is void upon its face, without any reference whatever to extrinsic facts. (16 *Peters,* 510.) The Globe policy was not either void or voidable upon its face. It was merely voidable by the underwriters, upon due proof of the facts. In this very case the

plaintiffs held on to that policy until after the destruction of the property insured, and then brought an action upon the policy, against the Globe Company, thereby affirming the validity of the policy, and which suit the Globe Company settled by giving the promissory notes of certain officers of the company, which the plaintiffs still hold. The plaintiffs having effected this subsequent insurance in the Globe Company and held the policy as valid in their hands, claiming all the benefits of an insurance contract from it, they were bound to give notice thereof to the defendants under the clause in their contract to which we have adverted, although this policy was voidable, if the Globe Company saw fit to set up the defense. The case falls within the very words and meaning of this stipulation in the defendants' policy. I will not enter upon a discussion of the reasons which might be assigned for the judgment which we have pronounced. A single reason is sufficient in addition to those assigned in the case above referred to, in 16 Peters. One reason why the defendants require notice of subsequent insurances upon the same property to be given to them is, that the plaintiffs may not insure the property up to its full value without their knowledge, and thereby have much less motive to preserve it from destruction by fire than they would have if they were their own insurers for a portion of its value. The fact that the plaintiffs procured this insurance in the Globe Company and paid their money for it, and held it, claiming it to be a valid insurance, and after the fire brought their action upon it, shows they regarded it as a good insurance. The effect, therefore, upon the defendants in this respect would be the same as though it were a valid policy. I am aware that the cases of *Jackson et al.* v. *The Massachusetts Mutual Fire Ins. Co.*, (23 *Pick.* 418,) and of *Stacy* v. *The Franklin Fire Ins. Co.*, (2 *Watts & Serg.* 544,) hold a different doctrine; but those cases, so far as they conflict with the views above expressed, are not to be followed. The case of *Sexton* v. *The Montgomery Co. Mu. Ins. Co.*, (9 *Barb.* 191,) and of *Wilson* v. *The Genesee Mu. Ins. Co.*, (16 *id.* 511,) which hold that notice given to the agent of the company authorized to make surveys and receive applications, &c. is a

sufficient compliance with such a clause in an insurance policy, are not applicable to the case under consideration. The requirement in the condition of the policies in those cases was general, that notice should be given to the company. The case under consideration is different. The defendants have guarded their rights, by requiring the plaintiffs to have it a part of their contract that this notice shall be given to the secretary of the company. The plaintiffs are not entitled to judgment upon their verdict, and the verdict must be set aside and a new trial granted, costs to abide the event of the action.

[TOMPKINS GENERAL TERM, September 11, 1855. *Shankland, Gray* and *Mason,* Justices.]