Hubbard & Spencer v. The Hartford Fire Ins. Co.

There is no other point in the opinion requiring additional notice.

Affirmed.

HUBBARD & SPENCER v. THE HARTFORD FIRE INS. CO.

1. Insurance: COMMENCEMENT OF POLICY. A person applied to the authorized agent of an insurance company for insurance on his property, on the 18th day of the month, and it was agreed that the agent should issue the policy and send it to the applicant on that day. The policy was in fact issued on that day, but was not delivered to the applicant nor the premium received thereon until the 22d of the month. *Held,* that the policy should be considered as commencing on the 18th, instead of upon the 22d, the date of its delivery. MILLER, J., dissenting.

2. ―― *Held,* also, where the applicant applied to another company for insurance, and the terms thereof were agreed' upon between him and the agent, but the latter having no blank policies executed to the applicant a receipt for the amount of the premium then paid by him, specifying the property to be insured, and stipulating that a policy would be issued as soon as a blank should be received, that the effect of the receipt was to bind the company the same as if a policy had been issued.

3. ―― BREACH OF CONDITION AGAINST OTHER INSURANCE. The breach of a condition contained in a policy of insurance, to the effect that in case of other subsequent or prior insurance, without notice to or consent thereof by the company, the policy shall be void, does not render the policy absolutely void, but merely voidable at the option of the company.

4. ―― In order to avoid a policy on the ground of a breach of the condition respecting subsequent insurance, it must appear that the policy creating such subsequent insurance was valid and enforceable. If invalid the prior insurance is not affected.

5. ―― INCUMBRANCES. The existence of a chattel mortgage on the property insured is not a breach of a condition in the policy to the effect that if the insured was not the " sole and unconditional owner" of the property, the policy should be void. MILLER, J., dissenting.

6. ——NOTICE OF LOSS : ESTOPPEL. A notice by the assured to the company, in accordance with the terms of the policy, that there was subsequent insurance on the property in another company, would not estop him from claiming in an action against the first company, that such subsequent insurance was invalid.

### Appeal from Hardin District Court.

THURSDAY, JANUARY 27.

ACTION upon a policy of insurance issued to C. K. Howe against loss by fire to the amount of $2,800 on his stock of hardware and tinware, and, subsequently to the destruction of the property insured by fire, assigned to plaintiffs. Upon a trial to a jury there was a verdict and a judgment thereon for the amount of the policy and interest. Defendant appeals. The facts of the case are set out in the opinion.

*Adams & Robinson* and *O. P. Shiras* for the appellants.

*Miller & Miller* and *Griffith & Knight* for the appellee.

BECK, J. — The policy, which is the foundation of this action, contains a condition in the following words: "If

1. INSURANCE : the assured shall have or shall hereafter make
commence-
ment of       any other insurance upon the property hereby
policy.       insured, without the consent of the company written hereon, in such case this policy shall be void." As a defense the defendant alleges that, in violation of this condition, the insured, Howe, did cause the property to be insured by a policy issued by the Phœnix Insurance Company, January 21, 1867. The policy sued on is dated January 19, 1867.

It appears from the evidence that Howe applied to the agent of defendant on the 18th day of December, 1867, for insurance, and it was arranged that the policy should be

issued and sent to him on that day. Howe, not having received the policy from defendant's agent, nor heard from him in regard to the business, on the 21st of the same month applied to the agent of the Phœnix Insurance Company for a policy covering his property. The terms of the insurance were agreed upon, but the agent, having no blank policies, executed a receipt to Howe for the amount of the premium then paid him, specifying the property to be insured, which was the same covered by the policy issued by defendant, and stipulating that a policy would be issued as soon as a blank should be received. The agent of the Phœnix Company was not informed by Howe of his application to defendant's agent for insurance, and it appears that Howe, at the time, did not expect to receive the policy of defendant, as it had not been sent to him according to the prior arrangement. On the 22d, the day subsequent to the transaction with the agent of the Phœnix Company, the agent of defendant delivered to Howe the policy sued on, dated on the 18th, and received payment of the premium. Howe did not inform him of his transaction with the Phœnix Company. The property covered by these policies was destroyed by fire on the 26th. Under these facts defendant insists that the transaction with the Phœnix Insurance Company is in violation of the conditions of the policy against other insurance quoted above, and that defendant's contract is avoided thereby.

The question here presented is of very great difficulty, and its solution, either upon principle or authority, is not entirely free from doubt. Two preliminary questions may be considered, the determination of which will aid in reaching the final conclusion upon this point.

1. Which was the prior insurance, that by the defendant or the Phœnix Company? It quite satisfactorily appears to us that the policy issued by defendant must be considered as commencing on the 18th, the day of its date.

It was, in fact, issued on that day and the premiums covered the time intervening between that date and the day of its delivery the 22d: Defendant after having collected the premium and delivered the policy, bearing date on the 18th, cannot be heard to deny that the policy did not operate until its delivery. If the policy did not bind defendant until the 22d, then has defendant received premiums for the time intervening before that date and the 18th which it has not earned. But this it cannot be permitted to claim.

2. What was the effect of the receipt given by the agent of the Phœnix Ins. Co.? It must be conceded that, if it bound the company at all, and its binding effect cannot be denied, it raised a contract of insurance in all respects like the contracts of the company as expressed in the policies commonly issued by them. The agent was not clothed with power to vary or change the policies of the company and it cannot be presumed that such a thing was contemplated by either the agent or the assured when the receipt was executed. The transaction then was a contract for insurance upon the usual terms and conditions as expressed in the policy which the agent was empowered to issue. It is shown by the evidence that the policies of the Phœnix Company contained a condition similar to the condition of the policy sued on against prior or subsequent insurance, without consent of the company indorsed on the policy, and declaring the same shall avoid the contract. It appears that the agents were authorized to issue policies of this form and that they embodied the contracts of insurance as commonly entered into by the company. The contract therefore between the Phœnix Company and Howe must be considered as containing a condition against other insurance as above stated.

We now have the case of two policies given at different dates covering the same property, each having a condition against other insurance, both prior and subsequent, and

providing that a breach thereof shall avoid the respective instruments. The question for us to determine is which, if either, of these instruments is valid, and which is avoided by the operation of a breach of the condition.

It will be remembered that a breach of the condition does not absolutely render void and of no effect the policy;

2.——breach of condition against other insurance. it simply renders it voidable — its binding force and effect being subject to be defeated at the option of the company issuing the instruments. If no objection be made by the company on account of the breach of the condition, the policy may be enforced as though no forfeiture had ever happened. The act of the company, whereby it is shown that the instrument is treated as avoided, must be shown in order to defeat recovery thereon. If no such act or objection on the part of the company be shown, the contract will be considered binding. It is not necessary here to state what will amount to an act avoiding the contract, or when it must be done, further than to observe that it must appear that the underwriter relied upon the breach of the condition to defeat the contract.

Of course the company issuing the subsequent policy could not rely upon the breach of the condition, in order to avoid the instrument, until knowledge thereof was acquired, and its acts treating the policy as avoided would be sufficient if shown to have been done after such knowledge. The same principles will apply to the prior policy. It was not absolutely void, on account of the subsequent insurance, but was voidable only. It was a binding instrument when executed, and would so continue until some act done by defendant intended to avoid it, on account of the breach of the condition against the subsequent insurance. But it could not be avoided on account of the Phœnix policy unless that instrument itself was valid. If it so happened that when the action was brought on defendant's policy, or even at the trial, it was made to

appear that the Phœnix policy could not be enforced, was avoided on account of the breach of a condition therein, it is obvious that the existence of that instrument shown to be inoperative would not constitute a breach of the condition in defendant's policy against subsequent insurance. That condition is against actual insurance to be subsequently made. The Phœnix policy created no insurance, it was avoided by the act of the company, and therefore did not constitute a breach of defendant's policy. The general principle of law upon this point may be stated as follows: In order to avoid a policy on account of a subsequent insurance against an express condition therein, it must appear that such subsequent insurance is valid and that the policy upon which it is made is capable of being enforced. If it cannot be enforced it is no breach of the prior policy. This principle is substantially embodied in the fourteenth instruction given by the court to the jury. The instruction could have been more properly worded, but its import is quite clear, and to the effect that, if the Phœnix company treated its policy as avoided, after notice of the existence of defendant's policy, it constituted no such subsequent insurance as would invalidate the policy in suit.

Our conclusion upon this branch of the case is not without support of the authorities. The following cases may be cited as sustaining the principles above stated. *Jackson* v. *Massachusetts Mut. Ins. Co.*, 23 Pick. 418; *Clark* v. *New England Ins. Co.*, 6 Cush. 343; *Gale* v. *Belknap Ins. Co.*, 41 N. H. 170; *Stacy* v. *Franklin Ins. Co.*, 2 Watts & Serg. 506; *Philbrook* v. *New England Mut. Ins. Co.*, 37 Me. 137; *Schenck* v. *Mercer County Mut. Ins. Co.*, 4 Zabr. 447; *Jackson* v. *Farmers' Ins. Co.*, 5 Gray, 52.

The doctrine which we have above announced does not go to the full extent of some of the cases just cited. It is held in *Philbrook* v. *The New England Mutual Insurance Company*, *supra*, that the prior policy is valid, even though the subsequent policy is not avoided by the under-

writer issuing it, but the loss thereon is paid. And in others of these cases the rule is not expressly based upon the fact that the subsequent policy was treated by the underwriter issuing it as avoided.

The doctrine which we recognize here is based upon the fact that the subsequent policy was treated and considered as avoided by the company issuing it as soon as it had notice of the prior insurance. In our view this is a most important consideration, for, if the underwriter in the second policy does not treat it as avoided, it cannot so be considered by the insured or the company issuing the prior policy. The condition against prior insurance in the subsequent policy is for the benefit of the insurer, who may, at his option, waive it or insist upon enforcing its terms. If he seeks to enforce the condition and treats the policy as a void contract, it is indeed difficult to see upon what grounds it may be regarded as valid, as an insurance that will defeat the prior policy. In this view our conclusion is not in conflict with *David* v. *The Hartford Insurance Company*, 13 Iowa, 69, and *Bigler* v. *The New York Central Insurance Company*, 20 Barb. 635, and same case, 22 N. Y. 402. In the first of these cases an action was brought upon a policy containing a condition against subsequent insurance. Other insurance, taken after the date of the policy, was relied upon to defeat recovery. The plaintiff claimed that the subsequent policies, on account of certain conditions therein which were violated, were void. It is held that these policies are not void, but, on account of the breach of their conditions, might have been avoided. As they were treated as valid contracts by both of the parties thereto, the losses occurring thereon having been paid by the companies executing the subsequent policies, the breaches of the conditions were regarded as waived, and the instruments held to be binding upon the respective underwriters. The argument supporting the conclusion reached by the court may not entirely accord with the

reasoning we have above adopted, but the result reached, we believe, is not inconsistent with the views we have herein expressed. *Bigler* v. *The New York Central Insurance Company*, 20 Barb. 635, and 22 N. Y. 402, in its facts very nearly resembles *David* v. *The Hartford Insurance Company*, the underwriter taking the subsequent risk having waived the forfeiture and paid the loss under the policy. There are arguments and positions taken in the opinions in this case that are not consistent with the views we have adopted. They reach further than the mere support of the conclusion arrived at upon the facts involved in the case, the court of appeals holding (two justices dissenting) that the first policy would be defeated, even though the second was utterly void. This point was not in the case. While we may not be inclined to dispute the conclusion arrived at upon the facts presented, which we think is not at all in conflict with our views, we cannot assent either to the reasoning adopted by the court or the conclusions reached upon facts not before it for adjudication.

*Carpenter* v. *The Providence Washington Insurance Co.*, 16 Pet. 495, is cited in support of the rule that when there are two successive policies, both containing conditions of avoidance on account of other prior or subsequent insurance without notice, the first may be avoided on account of the second insurance. This case we have observed is often cited in support of this rule, and is so referred to in *David* v. *The Hartford Insurance Co.*, and *Bigler* v. *The New York Central Insurance Co.*, *supra.* If such a rule be found in the case, but it does not so appear to us, its annunciation was not called for by the facts before the court, and made the basis of the decision. The policy upon which suit was brought is considered in the opinion the second instrument, and the court holds that it was defective by a condition therein against prior insurance, which in fact existed when it was issued. See

page 509.   The conclusion arrived at, we think, is not in conflict with the course of argument adopted by us and the result reached in this case.   The argument, however, adopted by the court, in reaching the conclusion, is hardly consistent either with our reasoning or its results.   But inasmuch as the facts are dissimilar to those before us, and the point ruled not necessarily in conflict with our decision, the case cannot be regarded as an authority against the principles we herein recognize.   .

II.  During the progress of the trial defendant offered to show that the property insured, was covered by a chattel

5.-INCUM-BRANCES. mortgage at the time the policy was issued. This evidence was offered to establish a forfeiture of a condition of the policy to the effect that, if the insured was not the "*sole and unconditional owner*" of the property, the policy should be void.   The court excluded the evidence, holding it would not establish a breach of the condition.   While under the statute (Rev., § 2217), the mortgagee holds the legal title to the personal property covered by a mortgage, the mortgagor is nevertheless considered the owner.   Such is the current of the authorities as to mortgages at common law which, as to the title and ownership of the property conveyed, are not different from chattel mortgages under the statute above cited.   See *White* v. *Rittenmeyer*, decided at the present term of this court.   It is considered that the mortgage creates a lien, and that the title of the property is conveyed to the mortgagee for the purpose, and no other, of enabling him to enforce such lien.   The ownership remains in the mortgagor.   It is absolute and depends upon no condition, and may therefore be said to be unconditional.   It is true, his ownership may be defeated upon the happening of certain conditions, but this cannot be said to make his ownership conditional.   The property of the chattels is absolutely and unconditionally in the mortgagor.   This view finds support in the following authorities: *Rollins* v.

*Columbian Mutual Fire Insurance Co.*, 5 Foster (N. H.) 200; *Pollard* v. *Somerset Mutual Fire Insurance Co.*, 42 Mo. 221; *Rice* v. *Town*, 1 Gray, 426; *Shepherd* v. *Union Mutual Fire Insurance Co.*, 38 N. H. 232; *Norcross* v. *Insurance Co.*, 17 Penn. St. 429; *Conover* v. *Mutual Insurance Co.*, 3 Denio, 254. See S. C., 1 Comst. 290.

In our opinion the evidence was properly excluded.

III. The policy sued on contains a condition requiring the assured, in case of loss, "to give immediate notice thereof," and to render "to the company a particular account of said loss under oath, stating * * * * other insurance, if any, and copies of all policies." After the loss the insured, in compliance with this condition, in his proof of loss stated under oath as follows: " There was also an insurance on the hardware stock of Clifton K. Howe by the Phœnix Ins. Co., the premium for the sum of $56.50 paid to said company and a receipt given by said company which reads as follows: Received of C. K. Howe $56.50, full premium, policy and survey fees on $2,000 insurance on his stock of hardware in frame building," etc. * * * * Policy to be issued as soon as I receive blank policy, to bear date herewith. Geo. W. Miller, agent Phœnix Ins. Co.," etc.

6. — notice of loss: estoppel.

The defendant claims the act of Howe, in stating the insurance in the Phœnix Company in his proof of loss, estops him from denying the validity of the contract with that company, and that, so far as defendant's rights are to be affected, it must be considered that there was a valid insurance by a policy of the Phœnix Insurance Company covering the property destroyed.

The law of estoppel is founded upon the obligation which rests upon every man to speak and act according to the truth and the just policy of the law which will not permit men to deny that which they have solemnly asserted or acted upon as true. The rule is intended to prevent great mischief and wrong resulting from the want of confidence

in the intercourse of men which would naturally exist if they were permitted to deny their admissions and contradict the proper inferences drawn from their acts in the business affairs of life. It is a rule established to secure truth and justice. Under its operation no one will be permitted to deny his assertions or admissions of fact which were designed to influence another's acts and upon which he has acted. But the doctrine must be applied in strictness and the admission or act relied on as an estoppel must clearly appear to have been made or done by the party who is sought to be bound thereby. Hence, estoppels must be certain to every intent, for no one shall be denied setting up the truth, unless it is in plain and clear contradiction to his former allegations and acts. 1 Greenl. Ev., § 22.

In the light of these principles we will consider the act of Howe which is claimed to operate as an estoppel. The proof of loss made by him states that there was an insurance in the Phœnix Company, and sets out the writing upon which the contract of insurance was founded. The facts stated were: 1. The existence of the insurance. 2. The existence of a receipt, which is claimed to be evidence of the contract with the Phœnix Company. These admissions of fact are not denied in this action. There were no others made by Howe. He does not pretend to state any other facts connected with the alleged insurance in the Phœnix Company, yet it certainly cannot be denied that many other facts connected with the transaction determined the validity of the contract of insurance. These facts, too, were extrinsic as to the receipt and other matters stated by Howe. Neither does Howe state the legal conclusion that the Phœnix insurance is valid and binding, and that is the very thing which defendant claims plaintiff is estopped to deny. The facts admitted by Howe are not denied in this action. The validity of the Phœnix insurance he did not claim or set up in the proof of loss; there is, therefore, no foundation for an estoppel as to that fact.

It may be claimed that by stating the fact of an insurance in the Phœnix Company, he must be understood as referring to a valid insurance. Such an inference is inadmissible. There is no complaint that the proof of loss is not in compliance with the condition in the policy sued on, or that under that condition the statement should have contained other facts that do not appear therein. It cannot, therefore, be said that any attempt at concealment was made by. Howe in the proof of loss. The language used by him in the proof of loss, referring to the Phœnix insurance, can fairly be understood in no other sense than that there was a contract of insurance with that company. It cannot, with any degree of justice, be claimed that he avers that contract to constitute a valid and subsisting insurance. These views lead us to the conclusion that the statements in the proof of loss did not operate as an estoppel against evidence tending to show that the Phœnix insurance was in fact invalid. Such evidence was properly admitted at the trial.

IV. The court instructed the jury that, if the defendant treated the policy in suit as in force, after full knowledge of the subsequent insurance of the Phœnix Company, such conduct will be regarded as a waiver of the forfeiture and an election to treat the policy as in force. And that, in order to determine whether the defendant did' treat the policy as in full force, " it was proper for the jury to consider when the premium was paid by Howe and forwarded to the company, the acts of the company in reference to demanding and requiring the assured to answer certain questions propounded by the State agent, touching the loss, etc.; the acts of the defendant in selecting appraisers and all other facts in evidence bearing on the question." These instructions, the defendant claims, are erroneous, or rather being inapplicable to the facts they were improperly given. So far as they embody principles of law, they are not objectionable, and are so regarded by defendant's counsel; at least no objections are made to them.

While it may be admitted that the acts referred to in the instructions would, of themselves, considered separately, be no evidence of the waiver of the forfeiture of the policy, yet, when considered together, and in connection with all the facts of the case, they tend, though it may be slightly, to establish that fact. · And it may be admitted that some of the acts referred to in the instructions were not established by the evidence, having been done by the agents of defendant, when not within the scope of their authority. But another instruction clearly informs the jury that such acts of the agents do not bind the defendant. The application of the instructions to the facts of the case, in our opinion, could have been correctly made by the jury; at least it does not appear to us to have been a matter of so great difficulty, that there is a probability the jury were confused or misled in the attempt.

V. Other instructions asked by the defendant, being in conflict with the principles we have announced in this opinion, were properly refused. They need not be separately considered. They relate to the validity and effect of the Phœnix insurance, and to the effect to be given the statements of Howe in the proof of loss. They present these questions in different views, all, however, embodying principles not in accord with the doctrines we herein recognize. Further discussion of these doctrines, and their special application to the several instructions, would not be profitable.

VI. One of the defenses to the action pleaded by defendant is, that the property insured was burned by Howe himself, and the loss was not the result of accident or any other cause which would render defendant liable on the policy. Evidence was given to the jury which, it is claimed, tended to support this defense. For that purpose, defendant offered to prove the insolvency of Howe at the time of the loss of the property. The evidence was excluded as immaterial and not relevant to the issue.

Hubbard & Spencer v. The Hartford Fire Ins. Co.

Without passing upon the question here presented, we are of opinion that even if it be conceded that the evidence should have been admitted it is not such an error as will require the reversal of the judgment. If this evidence had been admitted, and upon it and the other evidence tending to support this defense, the jury had found that the property was burned by Howe, the verdict in our opinion could not have been sustained, and should have been set aside as being in conflict with the evidence. In our opinion, all of the evidence of defendant upon this point, considered together, is of such inconsiderable force as uncontradicted to be insufficient to warrant a presumption that the fire was the result of Howe's own act. The exclusion of the evidence was therefore error without prejudice.

The judgment of the district court is

Affirmed.

MILLER, J., *dissenting.* — I find myself unable to agree with the reasoning and conclusions reached by the majority, as expressed in the foregoing opinion.

That there was double insurance on the same property is conceded. One in the Phœnix Insurance Company, and one in the Hartford Insurance Company. Each policy provided that " if the assured shall have, or shall hereafter make any other insurance upon the property hereby insured, without the consent of the company written hereon, in such case this policy shall be void." If, when the second policy was taken out, the assured had any prior insurance on the same property, the second policy was *ipso facto* void unless consented to by the company in writing on the policy. Which of the two policies then was the second or subsequent one? The assured applied to the agent of the Hartford Company on the 18th day of December, 1867, for insurance, and it was arranged, not with the agent but with a clerk in the office, that a policy

would be made out and sent to him on the same day. Waiting until the 21st of the same month, and not receiving the policy, the assured, under the belief that he would not receive it, that it would not be issued, the premium not having been paid, applied to an agent of the Phœnix Insurance Company, and on that day obtained insurance on the same property. On the next day (the 22d), the policy on which this action is brought was received by the assured, from the agent of the Hartford Company, bearing date the 18th, four days prior to that of the Phœnix Company, and the assured then paid the premium.

When the assured applied to the Phœnix Company for insurance he had no other insurance. When he received the policy sued on, the next day, he did have other insurance. He *then* had double insurance, and not before. The first insurance was obtained from the Phœnix Company, the second in the Hartford, and the fact that the policy received of the latter company bore date prior to that of the former does not affect the question. The object and purpose of the clause in the policy by which it is avoided, where the assured has prior insurance, is to prevent or remove the temptation to destroy property insured above its value, and thereby protect the insurer against this species of frauds. And it is the *fact* of there being prior insurance, not the date of the policy, that is material, and operates to render the second insurance void.

The majority opinion holds that the Phœnix policy was the subsequent insurance, and void because of prior insurance in the Hartford Company, and this holding is based entirely upon the facts that the policy in the Hartford Company bears date prior to that in the Phœnix Company, and the premium charged ran from the date of the policy, and it is held that the Phœnix policy was forfeited *because of prior insurance* in the Hartford Company, of which no notice was given by the assured.

I have already shown that at the time the assured ob-

tained insurance with the Phœnix Company he had *in fact* no other insurance. Having then no insurance, there could be no forfeiture, for this reason, of the Phœnix policy. On the other hand, when the assured received the insurance, and paid the premium on the policy sued on, *he did have in fact other insurance* of which he gave no notice. The duty of the party assured was to inform the insurer of any other insurance held by him on the same property; failing to do this, he committed a fraud on the insurer. This he could not have done when he procured his insurance in the Phœnix Company, for he had no other insurance then. He was, therefore, guilty of no fraud on that company, or of any violation of the terms or conditions of the policy in respect to other insurance. But when he received the defendant's policy, he then had other insurance, and it was his duty to notify the company of that fact, and obtain their consent thereto. Failing to do this, he was guilty of a fraud on the company, and of a violation of the clause of the policy before referred to, and the policy became void for that reason. There is nothing in the case to show that the appellant in any manner waived this forfeiture. The majority opinion, by holding the Phœnix policy void, and the one sued on valid, punishes the assured when acting in good faith with the former, and rewards his bad faith toward the latter company.

The fundamental error of the opinion, in my judgment, lies in taking that for the prior insurance, whose policy is prior in date, without reference to the *fact* when the contract of insurance was made. The insurance in the Hartford Company was effected at the time, and not before, the policy was delivered and premium paid, which was after that of the Phœnix. No valid contract of insurance with defendant existed prior to that time; hence no insurance in fact, the existence of which controls the question before us. On the other hand, as I have shown, at the time in-

surance was effected in the Hartford Company, the assured then had, both in law and in fact, other insurance in the Phœnix Company.

The appellant is the company defrauded; the Phœnix Company has not been, at least not in this respect. On what principle, then, of law or justice, can the policy of the Phœnix Company be held void, and that of the Hartford held valid? In my judgment, the Phœnix policy was not forfeited because of prior insurance (for there was none in fact), and the policy sued on was forfeited because of the prior insurance in the Phœnix Company, obtained by the assured, of which he failed to notify the defendant at the time he received its policy, or within a reasonable time thereafter.

. II. On the trial, defendant offered evidence to show that, at the time the insurance was obtained, the property insured was covered by a chattel mortgage, which was refused. The evidence was for the purpose of showing that the condition of the policy, that the assured was "*the sole and unconditional owner*" of the property insured, was forfeited. The majority opinion holds that the mortgagor of personal property, like the mortgagor of lands, is the "owner." Here I think the court has fallen into a very grave error as to the law. Without stopping to inquire into the rights of mortgagors at common law, it is sufficient to show that by our statute, "in the absence of stipulations to the contrary, the mortgagor of *real property* retains the legal title and right of possession thereof; *but in the case of personal property the mortgagee holds that title and right.*" Here the statute confers the title and the right of possession on the mortgagee of chattels, the mortgagor having a naked equity of redemption, a mere right to defeat the title of the mortgagee by a performance of the conditions of the mortgage, and, on a failure to comply with those conditions, the mortgagee becomes the absolute owner. *Bean* v. *Barney, Scott & Co.*, 10 Iowa, 498. The

mortgagor of personal property is so far from having any ownership in the goods covered by the mortgage that he has no interest therein which can be levied upon and·sold under execution, unless by the *terms of the mortgage* he is entitled to and in fact retains possession. *Campbell* v. *Leonard*, 11 Iowa, 489; *Rindskoff Bros. & Co.* v. *Lyman*, 16 id. 260.

In what sense then can it be said that the mortgagor of personal property is "considered the owner?" None whatever. Much less can it be maintained that he is the "sole and unconditional owner." In my judgment, the evidence was material and should have been admitted.

I have thus very briefly stated the principal grounds of my dissent, upon either of which I hold the judgment should have been reversed.