J. M. Halbert, Appellant, v. Minor M. Halbert et al.,
Appellees.

ESTOPPEL: Elements—Truthful Answer to Inquiry. The holder of a
mortgage on the individual share of an *heir* does not estop himself
from insisting on his mortgage because, upon receiving a subsequent
inquiry whether there was any incumbrance on the *estate*, he truth-
fully answered in the negative.

Headnote 1: 21 C. J. p. 1146 (Anno.)

*Appeal from Montgomery District Court.*—Earl Peters, Judge.

July 1, 1927.

Rehearing Denied December 17, 1927.

Action to foreclose a mortgage upon, and establish the lien
of an assignment of, the interest of a legatee in an estate. A
defendant holding a subsequently executed mortgage and assign-
ment claimed priority upon the ground of estoppel, and pre-
vailed below. The plaintiff appeals.—*Reversed.*

*Paul W. Richards* and *Paul V. Wilson,* for appellant.

*Carrigan & Carrigan* and *Ferguson, Barnes & Ferguson,*
for Farmers' State Bank, appellee.

Vermilion, J.—Sarah A. Halbert died testate, seized of 80
acres of land. By her will, which was duly admitted to probate,
she directed that all of her real and personal property, except
household goods, be sold by her executor. Out of the proceeds
certain legacies were to be paid to her children, including $3,000
to the appellee Minor M. Halbert, and the balance was given to
her five children, share and share alike. The appellant, J. M.
Halbert, and the appellee Minor M. Halbert are her sons, and
are legatees under her will.

Prior to the death of Sarah A. Halbert, Minor M. Halbert
executed and delivered to appellant what is designated as an
"assignment, conveyance and mortgage" of all his interest in
any property he might receive as heir, devisee, or legatee of

Sarah A. Halbert, including, by particular description, any such interest in the land owned by her, to secure his note for $2,682.90. This instrument was filed for record prior to the death of the testatrix, and recorded. Subsequent to the death of the testatrix, the appellee Minor M. Halbert and his wife executed and delivered to the appellee Farmers' State Bank of Blair, Nebraska, a mortgage upon an undivided one fifth of the land left by the testatrix, to secure their note of $1,700 to the bank, and Minor M. Halbert also executed and delivered to the bank an assignment of $1,700 and interest of his share of the estate of his mother, as security for such note.

The action is by the appellant, to foreclose his mortgage and to establish the lien of his assignment, and the only controversy is as to the priority of liens or rights, as between appellant and the Farmers' State Bank.

It appears to be conceded that appellant's lien upon, or right to the payment of his debt out of, the interest of Minor M. Halbert, being of record, is superior and prior to any right of the bank's, unless the appellant is estopped, as against the bank, to claim such priority.

Some question is made as to the sufficiency of the evidence to establish the facts relied upon as an estoppel. It is the claim of the appellee bank that, before making the loan to Minor M. Halbert, its cashier wrote to the clerk or recorder in Montgomery County, Iowa, where the land was situated, asking if there were any incumbrances on the estate of Sarah A. Halbert, and that a reply was received from the appellant that there were none. The appellant was the executor of the estate. He testified that the clerk of the district court called his attention to a letter received from the Farmers' State Bank at Blair, asking for a description of the real estate of the estate and if there were any incumbrances against the estate, and that he made a reply to the letter, giving the description of the land, and saying that there were no incumbrances against the estate, except the ordinary expenses incident to settling up the estate.

It is urged that these facts do not warrant the application of the doctrine of estoppel.

The inquiry of the bank related only to incumbrances against the estate of the deceased, and not to those against the interest of Minor M. Halbert in the estate. The appellant's reply

was responsive to the inquiry, and gave truthfully all the information asked. There were no incumbrances against the estate. There is no room for any implication of bad faith. The appellant had no knowledge of the purpose of the bank in making the inquiry, and had no reason to believe that it intended to rely upon the information asked for, as showing that the interest of Minor M. Halbert in the estate was free from incumbrances. Appellant's mortgage was of record. Under these circumstances, no duty or obligation rested upon appellant, when he undertook to respond to the inquiry, to do more than make a correct answer. This he did. He is not now asserting anything to the contrary of what he stated. We see no element of estoppel in these facts. *Hubbard & Spencer v. Hartford Fire Ins. Co.*, 33 Iowa 325.

The judgment is—*Reversed.*

EVANS, C. J., and STEVENS, FAVILLE, and KINDIG, JJ., concur.