## PREFERRED AUTOMOBILE INS CO v GUTHRIE

Ohio Appeals, 2nd Dist, Franklin Co

No 2604.   Decided April 4, 1936

Carl W. Lortz, Columbus, for plaintff in error.

Baldwin & Nolan, Columbus, for defendant in error.

bile of plaintiff's decedent, that the same was not cancelled, and that the automobile insured in said policy was destroyed we need only consider whether or not the second, third and fourth defenses set forth in the answer are sufficient to defeat a recovery on the part of the plaintiff. The opinion of the trial court is attached to the transcript of docket and journal entries. We have read the same and are in accord with the reasoning contained and the law cited in this very able opinion. We will, therefore, content ourselves with referring briefly to each of these three defenses.

The only reference to the payment of premiums contained in this policy is found on the rider attached thereto. That language is as follows:

"The term of this policy begins at noon on the policy date mentioned in this warranty, and ends at noon on the expiration date mentioned in the warranty, provided that the payments as outlined herein must be made to the agent of this company whose signature appears below on the dates specified herein. Failure of the assured to make the payments on the dates specified shall relieve the company from any liability between the due date, and date payment is actually made. Failure on the part of the assured to make payment on dates specified shall constitute cancellation instructions to the Insurance Company and it is understood in this event cancellation shall be made on a short rate basis. There shall be no return premium due the policy holder for the period during which the protection has lapsed. Any payment of premium falling due on Sunday or a holiday must be paid for on or before the preceding day."

No date for the payment of this premium is specified in the policy. The policy was delivered to plaintiff's decedent and was in his possession uncancelled at the time of the loss. There is no provision in this policy that the same should not take effect until after the premium was paid. According to his own testimony the agent of the defendant carried other premiums due from plaintiff's decedent on a credit account. This policy was apparently delivered by the agent to plaintiff's decedent in accord with his custom, and, not having been cancelled, was in effect at the time of the loss. A general discussion of this question of waiver of prepayment of premium will be found in 22 O. J., 323, §167. The text supports the foregoing statements

## OPINION

By BODEY, J.

It having been established that the defendant did issue a policy on this automo-

as well as the finding of the trial court with reference to the defendant's second defense.

By its third defense the defendant sought to avoid liability because it claimed that plaintiff's decedent was not the sole and unconditional owner of said automobile at the time the policy was issued. In support of this contention, the defendant relies upon Paragraph 14 of §2 of the policy which reads thus:

"This entire contract shall be void if the assured has failed to give, has concealed or misrepresented in writing or otherwise, any facts or circumstances whatever concerning this contract or if the assured or his agent shall make any attempt to defraud or mislead the Insurer either before or after loss, or shall conspire or collude with any third party to establish a claim under this contract; or if the interest of the Assured in the property be other than an unconditional and sole ownership, except as stated in the schedule of warranties. If the vehicle covered by this policy shall thereafter be or become encumbered by any lien, mortgage, title note or unconditional sale contract the amount receivable under this contract shall be reduced by the amount of such lien, unless the Assured shall within ten days give the insurer written notice of such encumbrance."

The evidence shows that no written application was prepared or signed by plaintiff's decedent and that no representations concerning title were made by him to the agent of the defendant. In other words, it appears from the evidence that plaintiff's decedent directed defendant's agent to insure this automobile and furnished the agent with information concerning its model, type, make, serial and motor numbers. The policy was then issued. Under such circumstances, an insured is not held to have concealed facts from the Company. The agent represents the insurer and acts for him alone. If, in securing information on his own volition relative to an oral application for the issue of a policy, such agent does not obtain all of the necessary information, the insurer remains bound on the policy. 22 O. J., 574-5, §§454 and 455.

While it has been held by this court in the case of **Winters National Bank & Trust Company v Midland Acceptance Corporation, 47 Oh Ap, 334, (17 Abs 146)** that 'in Ohio the interest of the mortgagee under chattel mortgage is that of general owner of the property mortgaged,' such holding does not imply that a mortgagor insuring chattels has

divested himself of the unconditional and sole ownership for the purposes of obtaining insurance of said chattels by the execution of such mortgage. The general rule is stated in Volume 14 R.C.L., 1057, §233, as follows:

"A mortgagor is the sole and unconditional owner of the mortgaged premises, or goods, as well as the absolute owner, within the meaning of a Fire Insurance Policy. * * * Even though a deed reserves a vendor's lien or the vendor is entitled thereto by law, the grantee must be considered the sole and unconditional owner of the premises."

The Supreme Court reaches an analogous conclusion in the case of **Sun Fire Office of London v Clark, 53 Oh St, 414.** In that case the court held that an insured, who executed a mortgage upon real estate after an insurer had issued its policy of Fire Insurance covering the buildings thereon, did not violate a provision of said policy voiding the same if any change took place "in the title, interest or possession of the property insured, by sale, transfer or conveyance, without the consent of the insurer."

Many cases supporting the text of Ruling Case Law have been cited in the brief of plaintiff. These cases uniformly hold that a provision for sole and unconditional ownership in an Insurance Policy is not violated if there is a chattel mortgage on the property at the time the policy is issued or if a mortgage be subsequently placed thereon. We are particularly impressed with a citation from the case of **Hubbard v Hartford Fire Insurance, 33 Iowa, 325.** The Supreme Court of Iowa uses this language:

"The existence of a chattel mortgage on the property insured is not a breach of a condition in the policy to the effect that if the Insured was not the 'sole and unconditional owner' of the property, the policy should be void."

We believe that this quotation epitomizes the holding of the great majority of the courts of this country. We adopt it as our own. It is our judgment that the defendant was not entitled to a verdict upon the issues raised by its third defense.

As above stated, the defendant claims in its fourth defense that other insurance upon this automobile was in effect at the time defendant's policy was issued and at the time of the loss. It is claimed that plaintiff's decedent failed to disclose this

fact to defendant and that he thereby violated Paragraph 14 of §2 above quoted and that thereby the policy became voided. This contention is not tenable for the reason that the evidence shows that plaintiff's decedent had no knowledge of the insurance held by the Century Discount Company. The plaintiff's decedent could not be held to have concealed a fact from defendant's agent of which he did not have knowledge.

It is also claimed in the fourth defense that the defendant should be permitted, in case of recovery, to proportion its payment on this policy with that of the company which insured the Century Discount Company. Defendant relies upon Paragraph 13 of §2 of the policy in this connection. This paragraph reads as follows:

"If the Assured carries a policy of insurance or indemnity of another Insurer against any loss and/or expense covered under this contract the Assured shall not recover under this contract a larger proportion of the entire loss and/or expense than the amount hereby insured bears to the total amount of insurance applicable thereto. * * *"

The evidence will not support this claim because the Century Discount Company as assignee of the mortgagee purchased this additional insurance in its own name for its own benefit and paid the premium thereon itself. The assured did not carry this additional insurance.

A full and careful review of the entire record and an examination of each of the eight specifications of error relied upon by the defendant leads us to the conclusion that there is no error prejudicial to the plaintiff in error in any of the particulars assigned and that the judgment of the trial court should be affirmed. An entry may be drawn accordingly saving exceptions to the plaintiff in error.

BARNES, PJ, and HORNBECK, J, concur.